No. 9535.

## CRANE *v.* CRANE ET AL.

PLEADING.—*Consideration of Agreement.*—*Bill of Particulars.*—Under section 363, R. S. 1881, in a proper case, the defendant is entitled to a bill of particulars of the plaintiff's cause of action, and it would be error to

overrule his motion therefor; but where the complaint counts upon an agreement, and states the consideration of such agreement to have been divers sums of money, pieces of property and accounts, the defendant is not entitled to a bill of particulars of such moneys, property and accounts.

From the Miami Circuit Court.

*J. M. Brown* and *N. H. Antrim,* for appellant.

*H. J. Shirk* and *J. Mitchell,* for appellees.

HOWK, J.—In his complaint in this case, the appellee Clinton Crane alleged in substance, that on October 16th, 1874, one Milton Shirk, cashier, etc., recovered a judgment in the court below against one Calvin H. Crane, as principal, and the appellant and the appellee Clinton Crane, as sureties, for $3,610.99 and the costs of suit; that on the 15th day of February, 1875, the said Calvin H. Crane paid $503.24 on said judgment, and that on December 18th, 1876, the appellant paid thereon about the sum of $3,706.42 in full of the balance thereof, which latter payment was endorsed on said judgment; that on the 21st day of April, 1880, the appellant caused an execution to be issued on said judgment, in his behalf, against the appellee Clinton Crane, as his co-surety in said judgment, for the one-half of the amount so paid by him and interest thereon, and had the same delivered to the appellee O'Donald, as sheriff of Miami county, for service and collection; that on the 26th day of April, 1880, the said sheriff, by virtue of said execution, levied on certain real and personal property, particularly described, as the property of the appellee Clinton Crane, to satisfy said execution; and that, on the same day, the said sheriff advertised the said personal property for sale on the 8th day of May, 1880, to satisfy said execution.

And the appellee Clinton Crane averred that his said property ought not to be sold to satisfy the amount so paid by the appellant, or any part thereof, for the reason that on or about the 17th day of December, 1876, the appellant made an agreement with said Calvin H. Crane, the principal in said

judgment, by which agreement, for a valuable consideration, the appellant agreed to and with the said Calvin to pay for him the said judgment, interest and costs, which consideration was as follows: That previous to December 17th, 1876, the appellant and said Calvin H. Crane had mutual dealings with each other for a number of years, the said Calvin having furnished to the appellant various sums of money, and transferred to him various pieces of property, and the appellant had received large amounts of money belonging to said Calvin, and that they had mutual accounts against each other; that on or about said 17th day of December, 1876, they made an agreement, each with the other, that in consideration of the appellant paying said judgment, interest and costs for said Calvin, and the further payment to him of $1,000, they would mutually balance their respective accounts against each other and settle them in full; and that, in pursuance of said agreement, the appellant immediately paid the said Calvin the sum of $500, and subsequently paid the said judgment, interest and costs to the judgment plaintiff, and the said Calvin H. Crane balanced all his accounts against the appellant and marked the same settled. Wherefore the appellee Clinton Crane, prayed for a temporary restraining order, and, on final hearing for a perpetual injunction, and that, as to him, the said judgment might be declared satisfied, and for other proper relief.

The appellant moved the court in writing for a bill of particulars; which motion was overruled, and to this ruling he excepted and filed his bill of exceptions. He then demurred to appellee's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action; which demurrer was overruled, and to this decision he excepted. Refusing to plead further, the court rendered judgment against him, and the said sheriff, in favor of the appellee Clinton Crane, as prayed for in his complaint.

The following decisions of the circuit court are assigned by appellant as errors:

1. In overruling his motion for a bill of particulars; and,

2. In overruling his demurrer to the complaint.

The first of these supposed errors is the one chiefly relied upon by the appellant's counsel in their brief of this cause, for the reversal of the judgment below. The appellant moved the court to require the plaintiff to furnish a bill of particulars of the various sums of money and of the pieces of property transferred to appellant, and the accounts of said Calvin H. Crane against the appellant, referred to in the complaint. Appellant's counsel earnestly insist that the court erred in overruling this motion for a bill of particulars, and that for this error the judgment below ought to be reversed. We are not inclined, however, to adopt this view of the question. The various sums of money and the pieces of property and the accounts, referred to in the complaint, were not sued for in this action, but were mentioned in the complaint as constituting the consideration of the appellant's agreement that he would pay off the judgment, interest and costs, for the principal in such judgment. These sums of money, pieces of property and accounts constituted no part of the plaintiff's cause of action, and, therefore, the appellant was not entitled to any bill of particulars thereof. The defendant may be entitled, in a proper case, to a bill of particulars of the plaintiff's cause of action; and, in such a case, the court might, under the provisions of section 79 of the civil code of 1852 (sec. 363, R. S. 1881), order such bill of particulars to be furnished. The case at bar is not a proper one for a bill of particulars; and, therefore, we think that the court did not err in overruling appellant's motion for such bill.

Appellant's counsel say that the second error assigned, as to the overruling of his demurrer to the complaint, " stands upon substantially the same grounds " as the first error. We think that the complaint was sufficient, and that the demurrer thereto was correctly overruled.

The judgment is affirmed, with costs.