Roberts *et al. v.* Vornholt.

Filed Jan. 15, 1891.

---

No. 15,302.

ROBERTS ET AL. *v.* VORNHOLT.

126  511
147  513

EJECTMENT.—*Quieting Title.*—*Abstract of Title Furnished by Plaintiff.*—*Sufficiency of.*—*Motion to Make More Specific.*—*Bill of Particulars.*—*Actions for Tort.*—In an action to recover the possession of the land described in the complaint and to quiet title thereto, where the plaintiff had filed an abstract of title showing upon what deeds of conveyance she relied to prove such title, she was not required to furnish any more definite information, and a motion requiring her to furnish a more specific abstract of title and a bill of particulars was properly overruled. As a general rule a bill of particulars will not be ordered in actions for tort.

From the Decatur Circuit Court.

Roberts *et al. v.* Vornholt.

*J. K. Ewing, C. Ewing* and *W. P. Adkinson,* for appellants.

*J. D. Miller, F. E. Gavin* and *W. A. Moore,* for appellee.

COFFEY, J.—This was an action in the circuit court by the appellee against the appellants to recover the possession of the land described in the complaint, and to quiet title thereto. The cause was tried by a jury, who returned a special verdict in the cause in favor of the appellee. No motion for a new trial was filed, nor is the evidence in the record. The only question sought to be presented for our consideration relates to the ruling of the circuit court upon a motion made on behalf of the appellants to require the appellee to furnish a more specific abstract of title and a bill of particulars.

It appears by the record that prior to filing the motion now under consideration the appellee had, on the motion of the appellants, filed an abstract of title.

Section 363, R. S. 1881, provides that "The court, on motion, may order a further bill of particulars, when the one filed is defective; and may, in all proper cases, upon motion, order a bill of particulars of the claim of either party, and abstracts of title to be furnished."

An abstract of title is a condensed history of the title to land, consisting of a synopsis, or summary, of the material, or operative portion of all the conveyances of whatever kind or nature which in any manner affect the land. Warvelle Abstracts of Title, section 2.

The abstract of title appearing in the record is, we think, sufficient to fill this definition.

The bill of exceptions, as it comes to us, does not contain the motion for an abstract and bill of particulars, but treating the affidavit as elsewhere copied into the record, as the one which should be found in the bill of exceptions, we do not think the court erred in overruling the motion.

As we have seen, the appellee had filed an abstract of title

Chicago, St. Louis, etc., R. R. Co. v. Cincinnati, Wabash, etc., R'y Co.

which was sufficient as an abstract.   This left nothing to be determined by the court except the propriety of compelling her to file a bill of particulars.

It has been determined by this court that, as a general rule, a bill of particulars will not be ordered in actions for tort. *Lemmon* v. *Moore*, 94 Ind. 40, and authorities there cited; *Crane* v. *Crane*, 82 Ind. 459.

In this case both paragraphs in the complaint, the one in ejectment and the one to quiet title, count upon a legal title to the land in controversy in the appellee.  In such case the appellants were entitled to know upon what deeds of conveyance she relied to prove such title.  That information having been furnished, in our opinion she was not required to furnish any more definite information; indeed, the abstract goes farther than necessary, for it contains a deed of conveyance from the father of the appellee to the appellant, Sarah R. Roberts, with a statement that such deed had been disaffirmed by the appellee after her father's death.  The abstract might have stopped with the conveyance to appellee's father, with the statement that she was his legal heir.

There is no error in the record.

Judgment affirmed.

Filed Jan. 15, 1891.