Filed Nov. 1, 1893.

---

No. 910.

### LEITER *v.* JACKSON.

PLEADING.—*Paragraph of Complaint.*—*Repeated in Same Form.*—*Demurrer.*—Where the facts alleged in a paragraph of complaint are provable under another paragraph, requiring neither more nor less evidence to authorize a recovery, it is not error to sustain a demurrer to such paragraph.

NEW TRIAL.—*Causes for.*—*Cause Improperly Assigned Raises no Question on Appeal.*—Rulings on motions to strike out pleadings and on demurrers are not proper causes for a new trial, and raise no question when assigned as such.

VERDICT.—*Instructing Jury to Find for Defendant.*—*When Error.*—*Recovery.*—*Sufficiency of Evidence.*—*Practice.*—When there is any evidence, although conflicting, tending to support and make out the plaintiff's case, and sufficient to sustain a verdict, the court should not instruct the jury to return a verdict for the defendant, but the question of recovery should be left to the jury.

From the Fulton Circuit Court.

*M. L. Essick, O. F. Montgomery, G. W. Holman* and
*R. C. Stephenson,* for appellant.

*E. C. Martindale* and *H. Bernetha,* for appellee.

Ross, J.—The appellant sued the appellee, alleging in
the first paragraph of his complaint that on the 29th day
of August, 1891, the appellee, claiming to be the owner
in fee of a strip of land containing forty acres in Fulton
county, Indiana, proposed to trade or sell the same to
appellant at and for the price of thirty dollars per acre,
and the same was to apply on the sale of a stock of goods
sold by appellant to appellee; that appraisers were to be
appointed to appraise the goods, and also the land at *its
value per acre;* that the goods were appraised and ac-
cepted by appellee at their appraised value, and the land
was appraised at thirty dollars per acre; that the appel-
lee represented to appellant that there were forty acres
in said strip of land, and, relying upon such representa-
tions, he accepted the same at the rate of thirty dollars
per acre, making the purchase price therefor twelve hun-
dred dollars.

It is also alleged that the appellee, at the time he made
said representations, knew them to be false, and that he
made them for the purpose of misleading and deceiving
the appellant, and that appellant was ignorant of the
truth, but relied upon said representations of appellee;
that said tract of land, in truth and fact, contained but
thirty-one acres, and that as soon as he learned that said
tract of land contained but thirty-one acres he demanded
of appellee the repayment of the amount paid in excess
of the value of the land conveyed.

The complaint is in three paragraphs, the first and
second being the same in substance, except that the
second contains no allegations of fraudulent representa-
tions. A demurrer was sustained to the third. The sus-

taining of the demurrer to the third paragraph of the complaint is the first error to be considered by this court.

This paragraph of the complaint states the same cause of action alleged in the first and second paragraphs of the complaint, except it was not as specific in stating the facts.

A party is permitted to plead his cause of action in as many different forms as he may see fit, but he must not repeat it in the same form in several different paragraphs. In this case it required neither more nor less evidence to entitle the appellant to recover under the third paragraph than would be necessary to entitle him to recover under the first, hence there was no error in sustaining the demurrer to this paragraph.

It is next urged that the court below erred in overruling the motion made by appellant to strike out the second paragraph of appellee's answer. The overruling of a motion to strike out a pleading properly filed, is not reversible error.

The second paragraph of the answer is sufficient as an answer to either paragraph of the complaint, hence there was no error in overruling the demurrer thereto.

The last error assigned is that "the court erred in overruling plaintiff's motion for a new trial."

Rulings on motions to strike out pleadings and on demurrers are not proper cause for a new trial, hence no questions are presented by the first and second reasons contained in the motion.

After the appellant closed his case in chief, the court, of its own motion, instructed the jury to return a verdict for the appellee.

This action, on the part of the court, is the sixth cause assigned in the motion for a new trial. We think the court erred in directing a verdict for the appellee. A careful reading of the evidence convinces us that there

was sufficient evidence to submit the questions in issue to the jury. Counsel for appellee have failed to point out wherein there is a want of evidence upon any material question presented by the issues, and we find no such lack of evidence. When there is any evidence, although conflicting, tending to support and make out the plaintiff's case, and sufficient to sustain a verdict, the question as to whether or not the plaintiff should recover should be left to the jury.

Counsel for appellee seem to think that it is only when there is a conflict between the evidence introduced by the plaintiff and that introduced by the defendant, that the question should be submitted to the jury. Such is not the rule. There may be a conflict in the testimony of the plaintiff, and no evidence introduced by the defendant at all, and yet it should be left to the jury to determine which evidence they will believe. There was ample evidence, if believed by the jury, to have supported a verdict for the appellant.

Judgment reversed, with instructions to grant appellant's motion for a new trial.

