McCabe, J.
The appellee sued the appellant in a complaint of three paragraphs to recover damages for trespass to real estate in the first paragraph, and to quiet the appellee’s alleged title to said real estate in each of the second and third paragraphs.
The first trial resulted in a verdict and judgment for the defendant. A new trial was granted as of right under the statute, and thereupon the complaint was amended so as to make it consist of the three paragraphs as above indicated. The complaint and issues as they stood on the first trial are not embraced in the transcript.
The issues made upon the complaint, as above indicated, were tried, resulting in a verdict and judgment for the plaintiff, appellee, over defendant’s, appellant’s, motion for a new trial. The appellant has assigned for error the action of the circuit court: (1) in overruling appellant’s motion for a new trial; (2) in overruling appellant’s motion to require appellee to make his abstract of title more specific; (3) in overruling appellant’s motion to tax costs of first trial to appellee; (4) in overruling appellant’s demurrer to each paragraph of the complaint; and (5) in overruling appellant’s motion for a new trial as of right.
Of the third and fifth assignments of error appellant’s counsel in their brief say: “We respectfully ask the court to pass on the third and fifth assignments of error without argument as we have nothing to offer except the statutes.” No statute is referred to or pointed out. Such a brief amounts, to an express *510 waiver of the err or,, if any there was in the rulings assigned for error, according to the established rules of practice in this court.
One of the grounds of the motion for a new trial is that the evidence is not sufficient to support the verdict. There are two reasons why we cannot pass on the sufficiency of the evidence to support the verdict: First, the bill of exceptions shows that the evidence is not all in the record. It is true that the bill concludes in the formal way that “this is all the evidence given in the cause.” But it has frequently been decided by this court that such a statement cannot avail where the bill shows on its face that it does not contain all the evidence as is the case here. Weaver v. Kennedy, 142 Ind. 440, and cases there cited.
That has been so often decided by this court, as precluding a consideration of the sufficiency of the evidence, that a citation of the cases would needlessly encumber this opinion. And, second, the record fails to show that the bill of exceptions was ever filed, either in open court or in the clerk’s office. It has often been held by this court that the record must affirmatively show such filing. Marley v. Noblett, 42 Ind. 85; Bargis v. Farrar, 45 Ind. 41; Board v. Eperson, 50 Ind. 275; Kirby v. Bowland, 69 Ind. 290; Guirl v. Gillett, 124 Ind. 501; Loy v. Loy, 90 Ind. 404; Shulse v. McWilliams, 104 Ind. 512; Robinson v. Dickey, 143 Ind. 214; Miller v. Evansville, etc., R. R. Co., 143 Ind. 570; Pittsburgh, etc., R. W. Co. v. O’Brien, 142 Ind. 218; Armstrong v. Dunn, 143 Ind. 433.
Another ground of the motion for a new trial was the giving of a series of instructions. We would be fully justified in refusing to consider these instructions because the evidence is not in the record. But the statement of these two grounds in the motion for a *511 new trial, is as follows: “5, The court erred in giving instructions Nos. 2, 3, 6, 8,10,13, 14,17,18, 19, 28, and 34, on its own motion; 6, The court erred in giving instructions Nos. 21, 22, 23, 24, 29, 30, 31, 32, and 33 asked by the plaintiff.”
It is not claimed by the appellant’s learned counsel that all of these instructions, or all of either series are erroneous.
We do not find that all of either series are erroneous. It has often been decided by this court that under such a specification in a motion for a new trial all of one series of instructions so joined in the motion must be erroneous or the error assigned thereon is unavailable. Lawrence v. Van Buskirk, 140 Ind. 481; Bement v. May, 135 Ind. 664; Cincinnati, etc., R. R. Co. v. Madden, 134 Ind. 462; Pennsylvania Co. v. Sears, 136 Ind. 460; Cargar v. Fee, 140 Ind. 572; Indiana, etc., R. R. Co. v. Snyder, 140 Ind. 647.
The second assignment of error does not present the question as to whether the court erred in overruling: the appellant’s motion to require the appellee to make his abstract of title more specific.
The statute provides that upon motion the court may in all proper eases “order * * * abstracts of title to be furnished.” Section 366, Burns’ R. S. 1894 (363, R. S. 1881).
The abstract in this case was voluntarily furnished by the appellee without being required to do so.
It constituted no part of his complaint. Such abstract was not part of the record. Roberts v. Vornholt, 126 Ind. 511.
There is no bill of exceptions bringing into the record the abstract of title and motion to make it more specific. It is only when a motion rests upon matters apparent upon the face of the record proper that it may be presented without a bill of exceptions. Where *512 such motion depends upon and relates to collateral matters not appearing upon the face of the record, then such motion and the ruling thereon must be brought into the record by a bill of exceptions. Chandler v. State, 141 Ind. 106, and cases there cited.
But there was no error in overruling the motion if it were in the record, because the abstract was, as required by the rule stated in Roberts v. Vornholt, supra. “A condensed history of the title to the land, consisting of a synopsis, or summary, of the material, or operative portion of all of the conveyances of whatever kind or nature which in any manner affect the land.” The only defect in the several paragraphs of the complaint, pointed out in appellant’s brief, is the alleged insufficiency of the abstract of title furnished. That document, we have seen, formed no part of the complaint and, therefore, its supposed insufficiency would not render either paragraph of the complaint insufficient even if the abstract were defective as supposed.
Finding no available error in the record, the judgment is affirmed.