## BOOS v. SIEGMUND ET AL.

[No. 6,635.   Filed February 3, 1910.]

1. HUSBAND AND WIFE.—*Fraudulent Conveyances.*—*Payment of Debts.*—*Insolvency.*—*Preferences.*—A conveyance made by an insolvent husband to his wife in payment of a debt is not necessarily fraudulent as to creditors, though such conveyance operates as a preference in her favor.   p. 285.

2. TRIAL.—*Special Findings.*—*Conclusions of Law.*—*Questioning Correctness of.*—*New Trial.*—The correctness of conclusions of law upon a special finding of facts can be raised by exceptions to such conclusions, but not by a motion for a new trial.   p. 285.

3. APPEAL.—*Weighing Evidence.*—*Parties.*—*Examination of, Before Trial.*—A judgment for defendant will not be disturbed on appeal because his evidence at the trial was inconsistent with his testimony on his examination before trial.   p. 285.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Suit by Jacob Boos against John F. J. Siegmund and another.   From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Bowers & Feightner,* for appellant.
*C. W. Watkins,* for appellees.

MYERS, C. J.—The appellant instituted this suit against the appellees to recover an indebtedness on account of a certain contract, and to set aside a conveyance of certain real estate, made by appellee John F. J. Siegmund to his co-appellee Martha C. Siegmund, his wife, as having been made to defraud his creditors.   The issue upon the alleged debt to the appellant was tried by a jury, and a verdict for a certain amount was returned in his favor against John F. J. Siegmund.   Concerning the correctness of the verdict no question is raised.   Afterward, the issues relating to the alleged fraudulent conveyance were submitted to the court for trial, and, upon the request of the parties, a special finding of facts, with conclusions of law thereon, was rendered.

No exception was taken to the conclusions of law, or to

any one of them, but the appellant moved unsuccessfully for a new trial, and the overruling of that motion is the only matter which the appellant has sought to present here, upon the alleged grounds that the special finding of facts was not sustained by sufficient evidence and was contrary to law.

The theory of the finding of facts was in agreement with that of the defense pleaded, to the effect that the conveyance in question was not made by way of the execution of a trust in favor of the grantee, but was made in payment of an indebtedness of the insolvent husband to his wife in preference to his other creditors. *Schreeder* v. *Werry* (1905), 35 Ind. App. 84; *State Bank* v. *Backus* (1903), 160 Ind. 682.

The argument for the appellant largely consists in a contention that the conclusions of law stated by the court upon the facts specially found were erroneous. Such error if any, could be presented here only under exceptions duly taken in the court below to such conclusions, but not under the motion for a new trial.

The findings, so far as they are assailed as being unsupported by the evidence, were, as pointed out by the appellant, rendered upon evidence furnished by the testimony of the appellees, partly upon their examination before the trial and partly in presence of the court upon the trial. If there was want of accord between their statements as witnesses at these different times, such discrepancy was a matter for the consideration of the trial court, the only question before us being, whether there was evidence upon which, if believed, the court below properly could find the facts as stated in the special findings. A careful reading of the evidence as set forth in appellant's brief discloses such basis for the findings, as stated by the court, that we cannot interfere.

Judgment affirmed.