## NORTON v. STATE OF INDIANA.

[No. 22,171. Filed January 21, 1913. Rehearing denied January 16, 1914.]

1. APPEAL.—*Questions Reviewable.—Objections to Evidence.*— There is nothing presented for review on alleged error in permitting a certain question to be asked a witness, where the question was not answered and the point was not presented in the motion for new trial. p. 125.

2. CRIMINAL LAW.—*Appeal.—Harmless Error.*—There was no error in overruling defendant's objection to a question as to whether witness had bought intoxicating liquor in defendant's place within the past two years, on the ground that it might disclose that the same transaction was the basis of a prosecution in which defendant entered a plea of guilty and paid a fine. p. 125.

3. CRIMINAL LAW.—*Former Jeopardy.*—A trial court cannot take judicial notice of the records of another circuit showing that defendant had already been in jeopardy, but that is a matter of defense to be established by evidence. p. 125.

4. APPEAL.— *Questions Reviewable.— Evidence.*—Nothing is presented for review on alleged error in the admission of evidence where there was no objection and no exception. p. 125.

5. CRIMINAL LAW.—*Appeal.—Harmless Error.—Evidence.*—Error, if any, in permitting a witness in a prosecution for unlawful sale of liquor to answer in response to a question as to whom he paid for liquor purchased in defendant's place "within the past two years", was harmless, where the court had instructed the witness that his answers should be confined to the time prior to the date the prosecution was instituted. p. 125.

6. INTOXICATING LIQUORS.—*Prosecution for Unlawful Sale.—Evidence.—Admissibility.*—In a prosecution for the unlawful sale of intoxicating liquors, where it was shown that the liquor was sold by defendant, there was no error in overruling an objection to a question, put to a witness as to what he did with whiskey bought of defendant, on the ground of immateriality, since if the liquor was drunk on the premises it was a circumstance in support of the charge. p. 126.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Prosecution by the State of Indiana against John E. Norton. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Charles R. Haller* and *Murphy & Todd,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

MYERS, C. J.—The sole question sought to be presented by this record is as to alleged error in overruling the motion for a new trial. Appellant was charged by affidavit in two counts, one charging the unlawful possession of intoxicating liquors, and the other with keeping, running and operating a place where intoxicating liquors were sold, bartered or given away in violation of §8351 Burns 1908, Acts 1907 p. 689, and was convicted on the second count.

Several questions are sought to be presented: (1) The court erred in overruling appellant's objection to a ques-

tion put to a witness as to how many times he had bought liquor in less quantity than one quart in appellant's place of business within the "last two years." The question was not answered, and the point was not presented in the motion for a new trial. (2) Error is alleged in overruling his objection to the question to a witness as to whether he 'had bought intoxicating liquor in appellant's place of business within the past two years. The point is sought on appeal to be raised that the question was objectionable on the ground of putting appellant in jeopardy a second time, which is the only question presented here. The objection in that particular was "for the reason that the evidence might disclose if the witness were further interrogated that the same transaction was the basis of an affidavit against defendant for which he entered a plea of guilty and paid a fine." That proceeding was in the Huntington Circuit Court, whence this cause had been venued to the Wabash Circuit Court. The latter court could not take judicial notice of the records of the former court, and if former jeopardy could be shown, it was a matter of defense, so that this could not be harmful to appellant. (3) Error is claimed as to objection to the question as to whether the witness ever drank liquor in appellant's saloon, with another named person. There was no objection to the question and no exception. (4) Objection is claimed to have been made to the question of a witness as to whom he paid for liquor purchased in appellant's place of business within the "past two years." The objection was that the witness had "already testified", and there was no exception taken. The witness had previously testified that he had not been in appellant's place of business for more than a year before the trial, which was had October 19 and 20, 1911, upon affidavit filed September 8, 1911, and the court had instructed the witness that he

should confine his answers to dates prior to September 8, so that he could not have testified to a time between the time of filing the affidavit and the trial, and this applies equally to the second alleged error. (5) Error is claimed in overruling a motion to strike out the answer of a witness as to whether he had "ever" bought intoxicating liquors in appellant's place of business "within the past two years." There was no ruling on the motion; the question was changed to a time two years previous to a given date.

(6) Error is alleged in overruling the objection to
6. a question put to a witness as to what he did with whiskey bought of appellant, on the ground that it was "incompetent and immaterial, and would not tend to support any issue here." We cannot say that it was immaterial under the charge made, as to what was done with the whiskey. If it was drunk on the premises, as it was shown to have been sold by appellant, it was a circumstance in support of the charge.

No error is made to appear and the judgment is affirmed.

Note.—Reported in 100 N. E. 449. See, also, under (1) 29 Cyc. 742, 38 Cyc. 1434; (2) 12 Cyc. 921; (3) 16 Cyc. 919; (4) 12 Cyc. 812, 818; (6) 23 Cyc. 276.