# INDIANAPOLIS TRACTION AND TERMINAL COMPANY *v.* MILLER.

## [No. 22,089.   Filed January 24, 1913.]

1. APPEAL.—*Assignment of Errors.—Sufficiency of Complaint.—Briefs.*—Where the appellant fails to point out in its brief wherein the complaint is insufficient, no question is presented by the assignment of error that the complaint does not state facts sufficient to constitute a cause of action. p. 183.
2. NEGLIGENCE.—*Question for Jury.*—Where more than one inference can be reasonably drawn from the evidence, the question of negligence is one of fact for the jury to determine. p. 184.
3. APPEAL.—*Review.—Evidence.—Verdict.*—A verdict sustained by some evidence will not be disturbed. p. 184.

From Hamilton Circuit Court; *Ira W. Christian*, Judge.

Action by Charles J. Miller against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*F. Winter, Kane & Kane* and *W. H. Latta*, for appellant.
*Charles B. Clarke, Walter C. Clarke, Clement M. Holderman* and *Shirts & Fertig*, for appellee.

ERWIN, J.—This was an action by appellee against appellant, brought in the Marion Superior Court on a complaint for personal injuries. This cause was venued to the circuit court of Hamilton County, where the cause was tried by jury.

The complaint is in one paragraph and charges appellant with negligently causing the injury of appellee while in the operation of its car at the corner of Highland Avenue and East Michigan Street in the city of Indianapolis. Such proceedings were had in said cause, in said court, as that a judgment was rendered against appellant in the sum of eight hundred dollars. The negligence charged in the complaint is in the operation of the car; and also in the operation of the car as constructed. No demurrer to the complaint was filed in the trial court. The errors assigned in this court are, (1) the plaintiff's complaint does not state facts sufficient to constitute a cause of action against the defendant, (2) that the court erred in overruling the defendant's motion for a new trial. Appellant has not seen fit in its brief to point out wherein the complaint is insufficient; hence no question is presented for consideration under the first assignment of error. Ewbank's Manual §188; *Hoover* v. *Wessner* (1897), 147 Ind. 510, 45 N. E. 650, 46 N. E. 905; *Hamilton* v. *Hanneman* (1898), 20 Ind. App. 16, 50 N. E. 43.

In the motion for a new trial appellant assigns sixteen

reasons therefor, which include the giving of certain instructions tendered by appellee; the refusal to give certain instructions tendered by appellants; and error predicated upon the admission of certain evidence in the trial of said cause; and that the damages are excessive. The causes for a new trial urged by appellant are: that the evidence is insufficient to support the verdict; and is contrary to law.

Where more than one inference can be drawn from the facts the question of negligence is one of fact for
2. the jury to determine. *Dieckman* v. *Louisville, etc., Traction Co.* (1910), 46 Ind. App. 11, 89 N. E. 909, 911, 91 N. E. 179, and cases cited; *Pennsylvania Co.* v. *Krick* (1874), 47 Ind. 368, 371; *Indianapolis, etc., R. Co.* v. *Hamilton* (1873), 44 Ind. 76, 82.

The jury having found for appellee, and there being some evidence to sustain the finding, we cannot disturb its
3. conclusions. We have examined the evidence and the entire record in this case, and are of the opinion that substantial justice has been done.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 449. See, also, under (1) 2 Cyc. 1016; (2) 29 Cyc. 630; (3) 3 Cyc. 348.