## SNIDER *v.* TRUEX ET AL.

[No. 17,034. Filed May 24, 1943. Rehearing denied June 22, 1943. Transfer granted September 20, 1943.]

704

*John Wilfred Niemiec,* of South Bend, for appellant.

*Proctor & Proctor,* and *D. M. Hoover,* all of Elkhart, and *Parker, Crabill, Crumpacker, May, Carlisle & Beamer,* of South Bend, for appellees.

[For opinion of the Supreme Court, filed after transfer to that court was granted, see 222 Ind. —, 51 N. E. (2d) 477.]

ROYSE, C. J.—This action was brought by appellee Charles Truex against appellant Frank G. Snider and appellee Bankers Life Company for damages for personal injuries alleged to have been sustained by appellee Charles Truex in an automobile collision by reason of the negligence of appellant and appellee Bankers Life Company. Judgment was rendered in favor of appellee Bankers Life Company and appellee Charles Truex, and against appellant Frank G. Snider.

Appellee Truex filed his amended complaint against appellant and appellee Bankers Life Company, alleging that appellant was the agent and servant of appellee Bankers Life Company, and that while in the performance of his duty as such agent and employee he was driving an automobile, and charges various acts of negligence in the operation of his said automobile, resulting in injuries to appellee Truex.

Appellant filed his answer denying all the allegations of negligence charged by appellee Truex, and further charging that the injuries sustained by appellee Truex were occasioned and sustained by reason of his own negligence in the careless and negligent driving of the automobile which he was operating at the time of the accident.

Appellant filed a counter-claim which created an issue on the subject of property damage to the car of appellant.

Upon the issues thus joined, the cause was submitted to the court and jury for trial. The jury returned a verdict for appellee Bankers Life Company and for appellee Truex against the appellant, assessing dam-

ages in favor of appellee Truex in the sum of $2,750.00. The jury found for appellee Truex on appellant's counterclaim.

Appellant seasonably filed his motion for a new trial, which was overruled, and the court rendered judgment on the verdict, in favor of appellee Truex and against appellant. The overruling of this motion for a new trial is the only error assigned here.

The motion for a new trial contains ten specifications. Those not waived by appellant are as follows:

1. The verdict of the jury is contrary to law.

2. The verdict of the jury is not sustained by sufficient evidence.

3. The court erred in overruling defendant Frank G. Snider's motion and application to withdraw said cause and the submission thereof from the jury and discharge the jury because and on account of the misconduct of Robert E. Proctor, attorney for the plaintiff, propounding to Frank G. Snider, testifying as witness for the plaintiff, the following question: (The question and objection thereto will appear elsewhere in this opinion.) To which ruling of the court defendant Frank G. Snider then and there duly excepted and objected.

Specifications 4, 5 and 6 are identical with specification 3.

Specifications 1 and 2 of the motion for a new trial require a consideration of the evidence. This court can, of course, only consider the evidence most favorable to appellee. The evidence material to a determination of the issue here involved, was substantially as follows:

The appellee testified that on October 15, 1937, and for some time prior thereto, he was employed as a parcel post driver for the United States Post Office; at about 9:00 a. m. of said day, in the performance of his

duties, he was driving a Chevrolet United States mail truck east on Woodward Avenue in the City of Elkhart, Indiana. Woodward Avenue runs east and west in said city, and at a certain point is intersected at right angles by Massachusetts Avenue, which runs north and south. As appellee drove east on said Woodward Avenue at an estimated speed of 20 miles per hour, when he was about 50 feet west of the intersection of Woodward Avenue and Massachusetts Avenue, he observed a Plymouth automobile approaching the intersection from the south (appellee's right) on Massachusetts Avenue. He estimated the approaching vehicle was about 100 feet south of the intersection and traveling at an estimated speed of 40 miles per hour. The driver (appellant) of this automobile appeared to be looking to his right. Appellee sounded his horn which was in good working order and proceeded to the intersection. As long as he saw the driver of this car he was looking to the right and continued approaching the intersection at the same speed. As appellee entered the intersection the appellant's car approaching from the south was about 25 feet south of the intersection, and appellee, believing he had time to make it through the intersection, proceeded east. When he reached a point about five feet east of the center of the intersection, he heard a crash, his mail truck turned over and appellee was pinned under it.

It appears that prior to the trial there had been a conditional examination of appellee. At the trial, on cross-examination he admitted that in this conditional examination he had testified he was about 100 feet west of the intersection when he first observed appellant's car, and in the same examination he had testified that the appellant was about 200 feet south of the intersection. During the course of a skillful cross-examination,

in response to artfully framed questions pertaining to the precise moment when he last observed appellant's car, the speed of the two cars approaching the intersection, and as to what appellant was doing at the last moment appellee observed him, appellee made some contradictory statements in reference to these matters.

There were no witnesses to the accident other than the parties involved.

Appellant testified he was driving north on Massachusetts Avenue at about 20 miles per hour; that when he was about 10 feet south of the intersection he saw appellee, who was about 15 or 20 feet west of the intersection. Appellant said he applied his brakes and slid 10 or 12 feet, and the mail truck grazed his car, proceeded about 30 feet and turned over.

One witness who arrived at the scene of the accident very shortly after it occurred and who assisted in removing appellee from the truck, said that at that time the appellant told him he had not seen the mail truck because he (appellant) was looking back towards his home.

There is evidence that the force of the impact turned the mail truck over from 10 to 75 feet from the point of impact.

Appellant contends the evidence shows that appellee was, as a matter of law, guilty of contributory negligence and therefore the judgment of the trial court is contrary to law.

Where there is a conflict or contradiction in the testimony of either the plaintiff or defendant, it is for the jury to determine what evidence it will believe. *Leiter* v. *Jackson* (1893), 8 Ind. App. 98, 35 N. E. 289; *DePauw University* v. *Smith* (1894), 11 Ind. App. 313, 38 N. E. 1093; *Boos* v. *Siegmund* (1910), 45 Ind. App. 284, 90 N. E. 781.

In support of his contention appellant cites many authorities to the effect that a plaintiff cannot recover in a negligence action when it is shown by the evidence that the plaintiff's want of ordinary care and prudence contributed to the injury. We are in accord with this well-established principle.

However, it is a well-established principle of our law that want of care or contributory negligence is generally a question of fact to be determined by the jury. It is only when the facts and the reasonable inferences to be drawn therefrom lead to but *one* conclusion that it becomes a matter of law. *Evansville and Terre Haute Railway Company* v. *Berndt, Administrator* (1909), 172 Ind. 697, 88 N. E. 612; *Indianapolis Traction and Terminal Company* v. *Miller* (1913), 179 Ind. 182, 100 N. E. 449; *Inland Steel Company* v. *King* (1915) 184 Ind. 294, 110 N. E. 62; *Keltner* v. *Patton* (1933), 204 Ind. 550, 185 N. E. 270; *Johnson* v. *Wilson, Admrx.* (1937), 211 Ind. 51, 5 N. E. (2d) 533; *Davis* v. *Dondanville* (1940), 107 Ind. App. 665, 26 N. E. (2d) 568; *Lindley* v. *Skidmore* (1941), 109 Ind. App. 178, 33 N. E. (2d) 797.

In this case we find many conditions which, when considered as a whole, require the exercise of human judgment. The question of whether or not appellee had a right to assume appellant would operate his car so as not to endanger the life or property of other persons or of this appellee; the question of whether or not, giving due consideration to the experience, ability and skill of appellee, if in entering the intersection he acted as an ordinarily prudent man would have acted under like circumstances. These and other questions which arise on the facts in this case are matters upon which the minds

of men might reasonably differ. They were therefore properly submitted to the jury.

In passing, we must note that since the court's instructions were not questioned, evidently the jury was properly instructed as to the law applicable.

As previously indicated herein, specifications 3, 4, 5 and 6 of the motion for a new trial refer to the alleged misconduct of the attorney for appellee Truex in propounding to appellant a certain question. The record discloses that during the course of the examination of appellant who was called as a witness for the plaintiff, the attorney of said plaintiff, while examining appellant as to who paid the expenses, etc., of operating the automobile which the witness said he used for business and pleasure, the following question was asked appellant:

"Q. Don't answer this until they object, if they desire. Mr. Snider, I will ask you whether or not on October 15, 1937, the Bankers Life Company carried a policy insuring against public liability and property damage, the automobile described as the Plymouth which you say you operated both for business and for pleasure.

The defendants, Bankers Life Company, and Frank G. Snider, separately and severally object to the question, on the ground that there has been no showing that any such policy is in existence, and the question, if asked, and when asked, would have a tendency, whether answered yes or no, to prejudice the jury against the defendant, and the question, if answered, would not tend to prove or disprove any of the issues of the case.

The Court now sustains the objection, to which ruling of the court the plaintiff excepts."

The record then discloses the following:

"Mr. Carlisle: I ask that the jury be excused.

Court: It is four o'clock, and you will be excused until tomorrow morning at 9:30.

MR. CARLISLE: We submit that under those conditions the Court should withdraw the case from the jury and discharge the jury.

MR. PROCTOR: It is an attempt to prove master and servant.

MR. CARLISLE: The defendant, Bankers Life Company, moves the court to withdraw the submission of this case from the jury.

COURT: We will adjourn at this time, and the court will rule on the matter in the morning.

(Evening adjournment.)

TUESDAY MORNING—MARCH 3, 1942.

MR. NIEMIEC: The defendant, Frank G. Snider now moves the court to withdraw this case from the jury, and to discharge the jury, for the reason and on the ground that the foregoing question propounded to the witness on the stand, by counsel for the plaintiff, constitutes such prejudice that it can not be corrected by the court instructing the jury to disregard it, and that the observation made by counsel for the plaintiff before he propounded the question, of itself shows the premeditated purpose of this question to prejudice the jury, when he said: 'Don't answer this until they object, if they desire.'

The Court now overrules the motion of each defendant to withdraw the case from the jury, to which ruling of the court the defendants, separately and severally except."

Appellant earnestly contends that the conduct of counsel in propounding this question was irreparably prejudicial and that the refusal of the trial court to sustain his motion to withdraw the submission from the jury was reversible error. In support of his contention he relies on the cases of *Martin et al.* v. *Lilly* (1919), 188 Ind. 139, 146, 121 N. E. 443, and *Helton et al.* v. *Mann* (1942), 111 Ind. App. 487, 40 N. E. (2d) 395, 400, 401. These cases are clearly distinguishable from the facts in the instant case. In the *Martin et al.* v.

*Lilly* case, *supra,* the attorney for appellee, over the objection of appellant and in the presence of the jurors offered to prove that the defendant carried indemnity insurance and that his counsel was employed by the Insurance Company. In the *Helton et al.* v. *Mann* case, *supra,* the attorney for appellee exhibited insurance policies showing that appellants carried insurance in a certain company, and in his closing argument to the jury made the statement that the defendants were working men and he would never get out an execution against them if a judgment were obtained, but that the judgment would be paid, and there were matters involved in the case which he could not explain to the jury then but which they would later find out. We cannot see how either of these cases aid the appellant in this case.

It must be remembered the appellee in his complaint alleged that at the time of the accident appellant was acting as the agent or employee of appellee ▬ Bankers Life Insurance Company. The question objected to was one of a series which sought to show the relationship existing between the parties. "The carrying of liability or indemnity insurance by defendant, or by some third person, may generally be proved if such fact throws any light on the relationship between defendant and a negligent driver, since the whole relationship may be shown." 9 Blashfield Cyclopedia of Automobile Law and Practice, Part 2, § 6274, p. 742; *McDonald et al.* v. *Swanson et al.* (1936), 103 Ind. App. 171, 1 N. E. (2d) 684. "Furthermore the question as to whether or not conduct of counsel is such that it justifies withdrawal of the case from the jury or a new trial is a question for the trial court to determine in the first instance. The trial court was in much better position to determine the effect of said conduct

than this court is. Trial courts have a wide field of discretion as to such matters and their rulings on such matters do not constitute reversible error unless it is shown by the record that they abuse such discretion." *Jay* v. *Holman* (1938), 106 Ind. App. 413, 20 N. E. (2d) 656.

Finding no error, the judgment of the Elkhart Superior Court is affirmed.

NOTE.—Reported in 48 N. E. (2d) 820.