## PEOPLE v. ARDELL.

### Cr. No. 804; December 10, 1901.

66 Pac. 970.

**Larceny—Testimony of Accomplice—Corroboration.**—On a prosecution for the larceny of $280 it appeared that the defendant knew of the money being in the pocket of the prosecuting witness, and that he, with others, drank with the defendant, and then went with him to a dance-hall, where the money was taken by a woman. On the prosecuting witness making complaint, defendant told him he would try to get back the money, and he got the witness out of town that night. When the prosecuting witness returned, and had the woman arrested, defendant gave him $40, and induced the witness to attempt to have the prosecution dismissed, which the witness did not succeed in doing, and defendant again sent witness out of town. Defendant then fled from the state, and when found was living under an assumed name. Held, that the circumstances were sufficient to corroborate the testimony of an accomplice as to defendant's guilt.[1]

---

[1] Cited in the note in 98 Am. St. Rep. 173, on conviction on the testimony of an accomplice.

**Larceny—Accomplice.—On a Prosecution for Larceny, Evidence** as to a conversation between the prosecuting witness, defendant and another in regard to having a prosecution against an alleged accomplice of defendant, growing out of the robbery, dismissed, was properly received to show the defendant's solicitude in settling the matter.

**Criminal Law.—Evidence Received Without Objection** will not be struck out on motion.

APPEAL from Superior Court, Fresno County; E. W. Risley, Judge.

Charles Ardell was convicted of grand larceny and he appeals. Affirmed.

S. J. Hinds for appellant; Tirey L. Ford, attorney general, for the people.

COOPER, C.—Defendant was convicted of grand larceny, committed by the felonious stealing of $280 from the person of one Heath. He appeals from the judgment and an order denying his motion for a new trial.

One Trixy Lewis, who was an accomplice, testified fully as to the facts. Her testimony, if true, showed defendant's guilt beyond question; but it is claimed that there is not sufficient evidence, aside from that of the accomplice, tending to connect the defendant with the commission of the offense. We have carefully examined the evidence, and find it fully sufficient within the rule. The defendant claimed to be a friend of Heath, and knew of the money being in Heath's pocket. He participated in drinking at his own saloon, prior to the robbery, with Heath, Trixy Lewis, "Missouri Kid" and others. He went with all these parties, in the late hours of the night, to a dance at a dance-hall kept by "Missouri Kid" in the outskirts of Fresno. After the woman, Lewis, had danced with Heath, taken him into a crib adjoining the dance-hall and taken the money out of his pocket, he made complaint to defendant and others. Defendant pretended to be sorry, and apparently cried. He told Heath to say nothing about it, and he would try to get the money back. He sent Heath to San Francisco the same night on the 1 o'clock train, gave him half a dozen cigars, some whisky and a letter of introduction to "Spider Kelley." Heath returned

to Fresno in a day or two, and had the woman arrested. Defendant tried to get Heath to dismiss the case against the woman, gave him $40, and told him to go to the judge, and tell him that he had not been robbed; that one Brooks had taken his money while he was drinking to keep for him; and to ask the judge to dismiss the case, and for Heath to pay the costs. Heath did not succeed in getting the case dismissed, and defendant gave him the $40, and sent him by the Owl train, the same night, to Santa Monica. Defendant fled from the scene of the crime, and when arrested was found in Plattsmouth, Nebraska, going under the assumed name of Frank Perry. Heath testified, without objection, to a conversation with one Brooks and defendant, in regard to getting the case against Trixy Lewis dismissed—being the conversation at the time defendant gave Heath $40—and told him to tell the judge he had not been robbed. Defendant, after the evidence was given, moved to strike it out as irrelevant and incompetent. The motion was properly denied. The evidence was material, and tended to show the solicitude of defendant as to settling the matter. Besides, having been received without objection, it was not error to refuse a motion to strike it out: People v. Rolfe, 61 Cal. 543.

Complaint is made of the refusal of the court to give certain instructions offered by defendant. The portions of the instructions material to the issues were sufficiently given in other parts of the charge, and we find no error in the rulings complained of. The court fully and fairly instructed the jury as to all legal propositions involved in the case. It is not incumbent on the court to give instructions which are purely argumentative, or which have no proper foundation in the evidence, or which have been already given.

The judgment and order should be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.