THE STATE OF KANSAS v. JONATHAN G. STEPHENSON.
No. 13,800. (77 Pac. 582.)

Appeal from Saline district court; R. R. REES, judge. Original opinion filed May 7, 1904, and reported at page 405 of this volume (76 Pac. 905). Petition for rehearing denied July 7, 1904, and this opinion filed.

*C. C. Coleman,* attorney-general, and *C. W. Burch,* county attorney, for The State; *T. L. Bond,* of counsel.
*David Ritchie,* and *R. D. Armstrong,* for appellant.

*Per Curiam:* On the application for a rehearing it is insisted that testimony about the state of defendant's accounts was received in evidence without producing the book of accounts. The principal attack on the ruling on evidence was that the entries made from orders and other memoranda in a ledger were not original entries, and to that objection, so far as rulings on evidence were concerned, our attention was mainly directed. Nothing was said in the opinion (ante, page 405, 76 Pac. 905) about the objection to the testimony of Pettit because the books themselves were not offered. It was mentioned in defendant's brief, and was therefore entitled to consideration.

Passing the question that the books were outside the state and beyond the reach of the court's process, the ab-

sence of the books was not presented in a way to challenge the court's attention to that particular point, or to render the ruling erroneous. Pettit testified that he was the bookkeeper of his house and made the entries in the ledger from temporary memoranda. He did not make or check the orders, did not take impressions of the orders on the bill-book, and did not take cash or note the receipts on the cash-books. All these were handled by others and passed up to him to be entered on the ledger. The entries on that book were original entries and were rightly held to be admissible. Whether entries so made should be treated as original entries was the main controversy when Pettit's testimony was offered. He testified that he knew the state of Stephenson's account and was permitted to give it. An objection to the testimony was made by his counsel, who insisted that it must be proved by a book of original entries, and he proceeded to cross-examine the witness, and undertook to show that Pettit had no knowledge of the temporary memoranda, and that what he kept was not a book of original entries.

Some of the general objections were broad enough to cover the point that the books themselves were not in court, but that specific objection was not made; it was, rather, that the entries in the ledger were not original, and that the temporary notations from which the entries were made were not original entries, and that such memoranda were outside the knowledge of the witness. At the end of an extended inquiry and colloquy, the final objection of counsel for defendant was that the testimony was not a book of original entries, and not that the book itself was not produced. The point now made was, therefore, not brought specifically to the attention of the trial court, and, hence, the omission cannot be treated as a ground of reversal.

The petition is denied.