## STATE OF NORTH DAKOTA v. HERBERT GLASS.

### (151 N. W. 229.)

**New trial — motion for — rulings of the trial court — grounds for new trial — must be presented — otherwise waived.**

1. Where there is a motion for a new trial, rulings of the trial court constituting proper grounds for a new trial under the statute must be so presented; otherwise they will be deemed waived.

2. The sufficiency of the evidence to sustain the verdict in a criminal action will not be reviewed on appeal unless the motion for a new trial specifies as error that the verdict is against the evidence.

**Instructions — circumstantial evidence — weight of — statement of the law.**

3. An instruction "that circumstantial evidence is legal and competent in criminal cases such as this is, and, if it is of such character as to exclude every reasonable hypothesis other than that the defendant is guilty, is entitled to

---

Note.—The old common-law rule that in any criminal case the jury must be kept together until a verdict was rendered has been modified in recent times, and there are but few recent cases which hold that a mere separation of a jury is cause for a reversal of a judgment of conviction. The same modern rule applies to capital cases, although in some jurisdictions a distinction between capital cases and others is still recognized and a stricter rule applied in capital cases. A rule followed by numerous cases, as shown by a review of all the authorities in a note in 24 L.R.A. (N.S.) 776, is that it is within the discretion of the court to permit the jury to separate even in capital cases, and that unless there is an abuse of discretion a new trial will not be granted. The general question of separation of jurors in criminal cases is also treated in a note in 60 Am. Rep. 73.

On the question of instructions as to alibi, see note in 41 L.R.A. 539.

the same weight as direct testimony," is not open to attack as an erroneous statement of law, especially where no request for additional instructions is made.

**Accomplice — testimony of — law governing — failure of court to instruct on — not error unless same was requested.**

4. Failure of the trial court to instruct the jury as to the law governing the testimony of an accomplice cannot be urged as prejudicial error, in the absence of a request for such instruction.

**Alibi — subject — failure to instruct on — not error unless requested.**

5. Failure to instruct on the subject of an alibi is not reversible error, where no request to charge upon that feature of the case was made.

**Criminal action — jury — court — discretion in permitting jury to separate — before case finally submitted.**

6. A jury sworn to try a criminal action may, at any time before the. cause is submitted to the jury, in the discretion of the court, be permitted to separate.

**Prosecuting attorney — language used — objection to — before submission of case — must be made.**

7. If prejudicial language on the part of the prosecuting attorney is not objected to or called to the court's attention before the case is submitted to the jury, error cannot be assigned thereon.

Opinion filed January 19, 1915. Rehearing denied March 1, 1915.

Appeal from the District Court of Bowman County, *Hon. W. L. Nuessle,* Judge.

Affirmed.

*Bangs, Netcher, & Hamilton,* for appellant.

Circumstantial evidence should be expressly defined, and the rules governing its effect should be concisely stated. It is always the duty of the trial court to so clearly define such evidence, whether requested or not, and a failure to do so is prejudicial error. The court failed to do so in this case, and the defendant's substantial rights were prejudiced, and he is entitled to a new trial. 12 Cyc. 633; 1 Greenl. Ev. 15th ed. § 13, note A; People v. Strong, 30 Cal. 151; Burton v. State, 107 Ala. 108, 18 So. 284; Casey v. State, 20 Neb. 138, 29 N. W. 264; Brookin v. State, 26 Tex. App. 121, 9 S. W. 735; State v. Johnson, 19 Iowa, 231; Horne v. State, 1 Kan. 42, 81 Am. Dec. 499; People v. Lambert, 5 Mich. 367, 72 Am. Dec. 49; State v. Novak, 109 Iowa, 717, 79 N. W. 465.

Where the proof rests upon circumstantial evidence, it must be so clear and convincing as to exclude every other reasonable hypothesis than that of the guilt of the accused. Barnard v. State, 88 Tenn. 183, 12 S. W. 444; Turner v. Enrille, 4 Dall. 7, 1 L. ed. 717; 1 Greenl. Ev. 15th ed. § 13, note A; People v. Strong, 30 Cal. 151; 12 Cyc. 633; Burton v. State, 107 Ala. 108, 18 So. 284; People v. Lambert, 5 Mich. 367, 72 :Am. Dec. 49; Casey v. State, 20 Neb. 138, 29 N. W. 264; Carlton v. People, 150 Ill. 181, 41 Am. St. Rep. 346, 37 N. E. 244, 9 Am. Crim. Rep. 62; Brookin v. State, 26 Tex. App. 121, 9 S. W. 735; State v. Johnson, 19 Iowa, 231; Horne v. State, 1 Kan. 42, 81 Am. Dec. 499; State v. Novak, 109 Iowa, 717, 79 N. W. 465; Territory v. Lermo, 8 N. M. 566, 46 Pac. 16; Harrison v. State, 9 Tex. App. 407; Com. v. Goodwin, 14 Gray, 55; Com. v. Costley, 118 Mass. 1; Sumner v. State, 5 Blackf. 579, 36 Am. Dec. 561; People v. Aikin, 66 Mich. 461, 11 Am. St. Rep. 512, 33 N. W. 821, 7 Am. Crim. Rep. 345; Barnes v. State, 41 Tex. 344; Wroth v. Norton, 33 Tex. 192; People v. Phipps, 39 Cal. 326.

The court erred by his failure to fully and clearly charge the jury upon the question of the alibi claimed by defendant. What the court said and what it failed to say, as it was its duty to do, was clearly prejudicial to defendant. This was a material issue in the case, and, whether requested to do so or not, it was the duty of the trial court to tell the jury fully the law upon the question, and its application to this case. Rev. Codes 1905, § 10026; State v. Fenlason, 78 Me. 495, 7 Atl. 385; 12 Cyc. 659; Lang v. State, 16 Lea, 433, 1 S. W. 319; State v. Matthews, 20 Mo. 55; State v. Palmer, 88 Mo. 568; State v. Stonum, 62 Mo. 596; Fulcher v. State, 41 Tex. 233; Sanders v. State, 41 Tex. 307; Elam v. State, 16 Tex. App. 34; Crist v. State, 21 Tex. App. 361, 17 S. W. 260; Lewis v. State, 18 Tex. App. 408.

Where the proof, as in this case, fairly raises the defense of an alibi, the jury should be instructed that if such evidence in connection with the other proof in the case raised a reasonable doubt as to whether the defendant was present at the place of the homicide, or at a different place, the defendant should be acquitted. Legere v. State, 111 Tenn. 368, 102 Am. St. 786, 77 S. W. 1059; Davis v. State, 5 Baxt. 612;

Wiley v. State, 5 Baxt. 662; Jefferson v. State, 3 Shannon, Cas. 330; Prince v. State, 100 Ala. 144, 46 Am. St. Rep. 28, 14 So. 409; Miles v. State, 93 Ga. 117, 44 Am. St. Rep. 140, 19 S. E. 805; Carlton v. People, 150 Ill. 181, 41 Am. St. Rep. 346, 37 N. E. 244, 9 Am. Crim. Rep. 62; People v. Roberts, 122 Cal. 377, 55 Pac. 137, 11 Am. Crim. Rep. 31; Flanagan v. People, 214 Ill. 170, 73 N. E. 347; State v. Wollard, 111 Mo. 248, 20 S. W. 27; Peyton v. State, 54 Neb. 188, 74 N. W. 597, 11 Am. Crim. Rep. 47; Tipton v. State, 119 Ga. 304, 46 S. E. 436, 15 Am. Crim. Rep. 209; State v. King, 174 Mo. 647, 74 S. W. 627, 15 Am. Crim. Rep. 616; State v. MacQueen, 69 N. J. L. 522, 55 Atl. 1006; State v. Gadsden, 70 S. C. 430, 50 S. E. 16; 2 Thomp. Trials, § 2287; State v. Thornton, 10 S. D. 349, 41 L.R.A. 530, 73 N. W. 196; Arismendis v. State, — Tex. Crim. Rep. —, 60 S. W. 47; Smith v. State, — Tex. Crim. Rep. —, 50 S. W. 362.

The rule is that where defendant's evidence tends to prove an alibi, a refusal to instruct specially on the law of alibi is error. 14 Century Dig. col. 2574, § 1833, and cases cited; 12 Cyc. 619; Binns v. State, 46 Ind. 311; State v. Conway, 55 Kan. 323, 40 Pac. 661; Wiley v. State, 5 Baxt. 662; State v. Powers, 72 Vt. 168, 47 Atl. 830; Burton v. State, 107 Ala. 108, 18 So. 285; State v. Edwards, 109 Mo. 315, 19 S. W. 91; 2 Am. & Eng. Enc. Law, 55, cases cited in note 1; Deggs v. State, 7 Tex. App. 359; McGrew v. State, 10 Tex. App. 539; Granger v. State, 11 Tex. App. 454; Ayres v. State, 21 Tex. App. 399, 17 S. W. 253; People v. Stone, 117 N. Y. 480, 23 N. E. 13; State v. Childs, 40 Kan. 482, 20 Pac. 275; Howard v. State, 50 Ind. 190; Bishop v. State, 43 Tex. 402; 2 Thomp. Trials, § 2317; Union Mut. L. Ins. Co. v. Buchanan, 100 Ind. 73; Boots v. Canine, 94 Ind. 408; State v. Nadal, 69 Iowa, 478, 29 N. W. 451; State v. Johnson, 40 Kan. 266, 19 Pac. 749.

The burden of proof in such cases is at all times upon the state, and does not shift because of the attempt of defendant to prove an alibi, and if, by reason of such claim or of defendant's evidence to support it, the jury should doubt the guilt of the accused, he should be acquitted, and the court should so instruct. State v. Conway, 55 Kan. 323, 40 Pac. 661; People v. Lee Sare Bo, 72 Cal. 623, 14 Pac. 310; State v. Child, 40 Kan. 482, 20 Pac. 275; Pollard v. State, 53 Miss. 410, 24 Am. Rep. 703; State v. Jackson, 36 S. C. 487, 31 Am. St. Rep. 890,

15 S. E. 559; Sharp v. State, 51 Ark. 147, 14 Am. St. Rep. 27, 10 S. W. 228.

The defendant on appeal can take advantage of the failure of the court to instruct upon all material questions, without an exception on the trial. People v. McGuire, 89 Mich. 64, 50 N. W. 786; State v. Murray, 91 Mo. 95, 3 S. W. 397; People v. Macard, 73 Mich. 15, 40 N. W. 784; Whaley v. State, 9 Tex. App. 306; Heath v. State, 7 Tex. App. 464; McGrew v. State, 10 Tex. App. 539; Vincent v. State, 9 Tex. App. 303; Bishop v. State, 43 Tex. 390; Wilson v. State, 41 Tex. Crim. Rep. 115, 51 S. W. 916; Joy v. State, — Tex. Crim. Rep. —, 51 S. W. 935; State v. Rowland, — Iowa, —, 33 N. W. 137; People v. Lee Gam, 69 Cal. 552, 11 Pac. 183, 7 Am. Crim. Rep. 61; State v. Fenlason, 78 Me. 495, 7 Atl. 385; State v. Fry, 67 Iowa, 475, 25 N. W. 738; State v. Johnson, 72 Iowa, 393, 34 N. W. 177; State v. Mahan, 68 Iowa, 304, 20 N. W. 449, 27 N. W. 249; Landis v. State, 70 Ga. 651, 48 Am. Rep. 588; State v. Hardin, 46 Iowa, 623, 26 Am. Rep. 174; State v. Lightfoot, 107 Iowa, 344, 78 N. W. 41, 11 Am. Crim. Rep. 588; Barbe v. Territory, 16 Okla. 562, 86 Pac. 61; Legere v. State, 111 Tenn. 368, 102 Am. St. Rep. 781, 77 S. W. 1059; Davis v. State, 5 Baxt. 612; Wiley v. State, 3 Shannon, Cas. 330; People v. Stone, 117 N. Y. 480, 23 N. E. 13; People v. Lee Sare Bo, 72 Cal. 623, 14 Pac. 310; State v. Child, 40 Kan. 482, 20 Pac. 275; State v. Chee Gong, 16 Or. 534, 19 Pac. 607; Pollard v. State, 53 Miss. 410, 24 Am. Rep. 703; Peyton v. State, 54 Neb. 188, 74 N. W. 597, 11 Am. Crim. Rep. 47; State v. Conway, 55 Kan. 323, 40 Pac. 661; Prince v. State, 100 Ala. 144, 46 Am. St. Rep. 28, 14 So. 409; Miles v. State, 93 Ga. 117, 44 Am. St. Rep. 140, 19 S. E. 805; People v. Roberts, 122 Cal. 377, 55 Pac. 138, 11 Am. Crim. Rep. 31; Flanagan v. People, 214 Ill. 170, 73 N. E. 347; Tipton v. State, 119 Ga. 304, 46 S. E. 436, 15 Am. Crim. Rep. 209; State v. King, 174 Mo. 647, 74 S. W. 627, 15 Am. Crim. Rep. 616; State v. MacQueen, 69 N. J. L. 522, 55 Atl. 1006; State v. Gadsden, 70 S. C. 430, 50 S. E. 15; State v. Ward, 61 Vt. 153, 17 Atl. 486, 8 Am. Crim. Rep. 207; 12 Cyc. 659; Lang v. State, 16 Lea, 433, 1 S. W. 319; State v. Matthews, 20 Mo. 55; State v. Palmer, 88 Mo. 568; State v. Stonum, 62 Mo. 596; Fulcher v. State, 41 Tex. 233; Sanders v. State, 41 Tex. 307; Elam v. State, 16 Tex. App. 34; Crist v. State, 21 Tex. App. 361, 17 S. W. 260;

Lewis v. State, 18 Tex. App. 408; 2 Thomp. Trials, § 2287; State v. Thornton, 10 S. D. 349, 41 L.R.A. 530, 73 N. W. 196; Arismendes v. State, — Tex. Crim. Rep. —, 60 S. W. 47; Smith v. State, — Tex. Crim. Rep. —, 50 S. W. 362; Binns v. State, 46 Ind. 311; State v. Conway, 55 Kan. 323, 40 Pac. 661; State v. Powers, 72 Vt. 168, 47 Atl. 830; Burton v. State, 107 Ala. 108, 18 So. 285; State v. Edwards, 109 Mo. 315, 19 S. W. 91; 2 Am. & Eng. Enc. Law, 55; Deggs v. State, 7 Tex. App. 359; Granger v. State, 11 Tex. App. 454; Ayres v. State, 21 Tex. App. 399, 17 S. W. 253; State v. Nadal, 69 Iowa, 478, 29 N. W. 451.

The witness Thomas Carberry was in law an accomplice, and his testimony must be corroborated not only in a material part of the story, but particularly in that part which goes to establish the guilt of the accused. The corroborated testimony must connect or tend to connect the defendant with the commission of the crime. Ortis v. State, 18 Tex. App. 282; Cross v. People, 47 Ill. 152, 95 Am. Dec. 474; State v. Kellar, 8 N. D. 563, 73 Am. St. Rep. 775, 80 N. W. 476.

"An accomplice in crime is one who co-operates, aids, or assists in committing it." Cross v. People, 47 Ill. 152, 95 Am. Dec. 474; State v. Jones, 115 Iowa, 113, 88 N. W. 196; State v. Douglas, 26 Nev. 196, 99 Am. St. Rep. 688, 65 Pac. 802; Rev. Codes 1905, § 10004; State v. Kellar, 8 N. D. 563, 73 Am. St. Rep. 775, 80 N. W. 476; State v. Coudotte, 7 N. D. 109, 72 N. W. 913; Fort v. State, 52 Ark. 180, 20 Am. St. Rep. 163, 11 S. W. 959; State v. Odell, 8 Or. 31; State v. Mikesele, 70 Iowa, 176, 30 N. W. 474; Wright v. State, 43 Tex. 170; People v. Davis, 21 Wend. 309; Com. v. Holmes, 127 Mass. 424, 34 Am. Rep. 391; Chambers v. State, — Tex. Crim. Rep. —, 44 S. W. 495; State v. Lawlar, 28 Minn. 216, 9 N. W. 698; State v. Clements, 82 Minn. 434, 85 N. W. 229; State v. Stevenson, 26 Mont. 332, 67 Pac. 1001; Com. v. Bosworth, 22 Pick. 397; Abbott, Trial Brief, Crim. § 720; People v. Everhardt, 104 N. Y. 591, 11 N. E. 62; Childers v. State, 52 Ga. 106; Hammack v. State, 52 Ga. 397; Middleton v. State, 52 Ga. 527, 1 Am. Crim. Rep. 194; State v. Knudtson, 11 Idaho, 524, 83 Pac. 226; Johnson v. State, — Tex. Crim. Rep. —, 37 S. W. 327; Wright v. State, 47 Tex. Crim. Rep. 433, 84 S. W. 593; People v. Elliott, 106 N. Y. 288, 12 N. E. 602; People v. Kunz, 73 Cal. 313, 14 Pac. 836; Patterson v. Com. 86 Ky. 313, 5 S. W. 387; People v.

Clough, 73 Cal. 348, 15 Pac. 5; State v. Dana, 59 Vt. 614, 10 Atl. 727; Dodson v. State, 24 Tex. App. 514, 6 S. W. 548; Whart. Crim. Ev. 9th ed. §§ 441, 442; State v. Coudotte, 7 N. D. 109, 72 N. W. 913; Miller v. State, 4 Tex. App. 251; Welden v. State, 10 Tex. App. 400; Simms v. State, 8 Tex. App. 230; People v. Ryland, 28 Hun, 568; People v. Barker, 114 Cal. 617, 46 Pac. 601; People v. Morton, 139 Cal. 719, 73 Pac. 609; Com. v. Price, 10 Gray, 472, 71 Am. Dec. 671.

Whenever this question arises, it is the duty of the court to properly and fully instruct the jury as to what constitutes an accomplice, and as to the necessity for corroboration. 1 Enc. Ev. 112; People v. Kraker, 72 Cal. 459, 1 Am. St. Rep. 65, 14 Pac. 196; Com. v. Elliot, 110 Mass. 106; Com. v. Ford, 111 Mass. 394; State v. Schlagel, 19 Iowa, 169; State v. Carr, 28 Or. 389, 42 Pac. 215; Williams v. State, 33 Tex. Crim. Rep. 128, 47 Am. St. Rep. 21, 25 S. W. 629, 28 S. W. 958; Ortis v. State, 18 Tex. App. 282; Cross v. People, 47 Ill. 152, 95 Am. Dec. 474; Whart. Crim. Ev. §§ 440, 441; State v. Jones, 115 Iowa, 113, 88 N. W. 196; Smith v. State, 23 Tex. App. 357, 59 Am. Rep. 773, 5 S. W. 219; State v. Phelps, 5 S. D. 480, 59 N. W. 474; State v. Kent, 4 N. D. 577, 27 L.R.A. 686, 62 N. W. 638; State v. Douglas, 26 Nev. 196, 99 Am. St. Rep. 688, 65 Pac. 802; Rev. Codes 1905, § 10004; State v. Kellar, 8 N. D. 563, 73 Am. St. Rep. 775, 80 N. W. 476; State v. Coudotte, 7 N. D. 109, 72 N. W. 913; Com. v. Bosworth, 22 Pick. 397; Com. v. Scott, 123 Mass. 222, 25 Am. Rep. 81; People v. Schweitzer, 23 Mich. 301; Wright v. State, 43 Tex. 170; People v. Davis, 21 Wend. 309; Chambers v. State, — Tex. Crim. Rep. —, 44 S. W. 495; State v. Lawlar, 28 Minn. 216, 9 N. W. 698; State v. Clements, 82 Minn. 434, 85 N. W. 229; State v. Stevenson, 26 Mont. 332, 67 Pac. 1001; State v. Knudtson, 11 Idaho, 524, 83 Pac. 226; Johnson v. State, — Tex. Crim. Rep. —, 37 S. W. 327.

Where malice is a necessary ingredient of the crime charged, as in this case, it is a question of fact for the jury to find, and not a question of law to be inferred by the court, and it is error to instruct the jury that the law presumes malice from the fact of intention of killing. Nilan v. People, 27 Colo. 206, 60 Pac. 485; Whart. Crim. Ev. 9th ed. § 48; Abbott, Trial Brief, Crim. § 598; People v. Place, 157 N. Y. 584, 52 N. E. 576; People v. McLaughlin, 150 N. Y. 365, 44 N. E. 1017; Boyd v. United States, 142 U. S. 450, 35 L. ed. 1077, 12 Sup.

Ct. Rep. 292; People v. Jacks, 76 Mich. 218, 42 N. W. 1134; People v. Jenness, 5 Mich. 305; Lightfoot v. People, 16 Mich. 507; Coleman v. People, 55 N. Y. 81; Copperman v. People, 56 N. Y. 591; State v. Lapage, 57 N. H. 279, 24 Am. Rep. 69, 2 Am. Crim. Rep. 506; State v. Kirby, 62 Kan. 436, 63 Pac. 752, 15 Am. Crim. Rep. 212.

Where the fact that defendant committed other crimes has no tendency to prove the commission of the crime charged, or of an essential ingredient of that crime, such evidence is inadmissible, and it is error for the court to fail to limit and restrict the purposes for which such testimony could alone be considered by the jury. Thornley v. State, 36 Tex. Crim. Rep. 118, 61 Am. St. Rep. 837, 34 S. W. 264, 35 S. W. 981; Burks v. State, 24 Tex. App. 326, 6 S. W. 300; Hennessy v. State, 23 Tex. App. 340, 5 S. W. 215; State v. Fallon, 2 N. D. 514, 52 N. W. 318; Com. v. Merrill, 14 Gray, 415, 77 Am. Dec. 336; Thurston v. State, 3 Coldw. 115; Maloy v. State, 33 Tex. 599.

Whenever, upon the general evidence, the guilt of the accused appears to the jury to be doubtful, the absence of any testimony in proof of motive, is a circumstance for the jury to consider. State v. Miller, 9 Houst. (Del.) 564, 32 Atl. 137; Carlton v. People, 150 Ill. 181, 41 Am. St. Rep. 346, 37 N. E. 244, 9 Am. Crim. Rep. 62; Sumner v. State, 5 Blackf. 579, 36 Am. Dec. 561; People v. Phipps, 39 Cal. 326.

The sole object in setting aside a verdict and granting a new trial is to prevent injustice, and to insure to everyone a fair and honest trial. To this end greater latitude is given in criminal cases, and where there is reasonable doubt that the accused had a fair trial, a new trial should be granted. 3 Gray & W. New Trial, 1227; Dains v. State, 2 Humph. 442; Bedford v. State, 5 Humph. 552; Whart. Crim. Law; 1 Bishop, Crim. Proc. § 978; People v. Levison, 16 Cal. 199, 76 Am. Dec. 505; People v. Strong, 30 Cal. 158; Roscoe, Crim. Ev.; Code, Crim. Proc. § 10000; State v. Kellar, 8 N. D. 563, 73 Am. St. Rep. 775, 80 N. W. 476; State v. Coudotte, 7 N. D. 109, 72 N. W. 913; State v. Scott, 28 Or. 331, 42 Pac. 1, 10 Am. Crim. Rep. 13; People v. Barberi, 149 N. Y. 256, 52 Am. St. Rep. 717, 43 N. E. 635; Burt v. State, 38 Tex. Crim. Rep. 397, 39 L.R.A. 305, 40 S. W. 1000, 43 S. W. 344.

Evidence cannot be given to show that defendant has committed other crimes than that with which he is charged, and admission of such

evidence is prejudicial error. People v. McNutt, 64 Cal. 116, 28 Pac. 64; People v. Smith, 106 Cal. 73, 39 Pac. 40; People v. Gray, 66 Cal. 271, 5 Pac. 240; 1 Greenl. Ev. §§ 51, 52; Com. v. Tuckerman, 10 Gray, 197; Com. v. Stearns, 10 Met. 256; Com. v. Choate, 105 Mass. 451; Pierson v. People, 79 N. Y. 424, 35 Am. Rep. 524; 3 Rice, Crim. Ev. 216, 217; Coleman v. People, 55 N. Y. 81; State v. Lapage, 57 N. H. 245, 24 Am. Rep. 69, 2 Am. Crim. Rep. 506; Shaffner v. Com. 72 Pa. 60, 13 Am. Rep. 651; People v. Greenwall, 108 N. Y. 301, 2 Am. St. Rep. 415, 15 N. E. 404; Schick v. United States, 195 U. S. 88, 49 L. ed. 109, 24 Sup. Ct. Rep. 826, 1 Ann. Cas. 585; Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003.

*John Carmody,* Assistant Attorney General, and *W. F. Burnett,* for respondent.

The charge of the court on the question of circumstantial evidence was a correct, clear, and concise statement of the law. No request was made to the court to further explain or make its charge more explicit. The charge was sufficient even though the case depended wholly on such evidence. There was, however, much other evidence. 12 Cyc. 635; State v. Colman, 17 S. D. 594, 98 N. W. 175.

Even if the court erred in instructing as to circumstantial evidence, it could not have been prejudicial to defendant, for there was ample other evidence, which, if the jury believed, was sufficient to warrant a conviction. State v. Foster, 14 N. D. 561, 105 N. W. 938; State v. Thornton, 10 S. D. 349, 41 L.R.A. 530, 73 N. W. 196; State v. Haynes, 7 N. D. 353, 75 N. W. 267; State v. Lawlor, 28 Minn. 216, 9 N. W. 698; Landis v. Fyles, 18 N. D. 591, 120 N. W. 566; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 218, 112 N. W. 972; State ex rel. Pepple v. Banik, 21 N. D. 417, 131 N. W. 262; State v. Rosencrans, 9 N. D. 163, 82 N. W. 422; Thomp. Trials, §§ 2338–2341.

Homicide is murder when perpetrated without authority of law, and with premeditated design to effect the death of the person killed or of any other human being. Rev. Codes 1905, §§ 8789, 8791, 8792.

Evidence of other offenses committed by defendant was proper. State v. Kent (State v. Pancoast), 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052; State v. Empting, 21 N. D. 128, 128 N. W. 1119.

CHRISTIANSON, J. The defendant was convicted of the crime of murder in the second degree in the district court of Bowman county

upon a change of venue from Billings county, and sentenced to twenty-five years' imprisonment for the murder of one Thomas Corcoran. After the return of the verdict, and before sentence was pronounced, defendant's counsel made a motion for a new trial, which was denied. Judgment was pronounced pursuant to the verdict, and this appeal is taken from such judgment.

The only errors urged by appellant for a reversal relate to certain rulings made by the trial court during the introduction of evidence; failure to give more specific instructions upon certain propositions of law, namely, circumstantial evidence, corroboration of an accomplice, and an alibi; and the insufficiency of the evidence to sustain the verdict.

The trial court submitted a written charge, and no requests were made for any further or additional instructions, nor were any exceptions taken to any part of the charge as given. In the motion for new trial, the only reasons urged are: (1) That during the trial of the action the jurors were permitted to go at large, and were not confined in the custody of bailiffs, and that, at that time, there were present a large number of witnesses and other persons who were hostile to the defendant in the court room, hotels, restaurants, and other places where the jurors necessarily had to go, and that a great deal of bitterness existed against the defendant among the people where he was being tried; and (2) that during his argument to the jury, one of the attorneys for the prosecution made certain statements indicating that the defendant and one Thomas Carberry, the principal witness for the state, were accomplices. These facts were asserted upon the affidavit of T. D. Casey, the attorney for the defendant, and no other affidavits or evidence of any kind submitted in support of said motion for a new trial. In opposition to said motion the state submitted the affidavits of one of the attorneys for the prosecution, who denies making the statement referred to; the affidavit of the presiding judge, who states "that when the jury in said action was impaneled, the attorneys for the state and T. D. Casey, attorney for the defendant, in open court, requested the judge not to put the jurors in said action in custody of bailiffs, but to permit them to separate, for the reason that there were no adequate quarters available for the lodging of the jury during the trial of said action, and that the court thereupon, at the request of the said T. D. Casey, attorney for the defendant, and J. K. Swihart and W. F. Burnett, attorneys for the

plaintiff, made in open court, ordered that said jury be allowed to separate, and specially admonish the jury as to the law and their duties during the trial of said action;" and the affidavits of eleven of the jurors who state that "the Court specially admonished the jury that they must not talk about the case with anyone, or allow anyone else to talk about it in their presence, nor form nor express any opinion until the case was finally submitted. That during the trial of said action no one talked about said case to affiant or in affiant's presence, nor was affiant in any way influenced in arriving at his verdict by any person or persons, but affiant arrived at his verdict solely from the evidence given in open court and under the instructions given by the court." No contention is made that the jury was permitted to separate after the submission of the case.

The defendant in no manner challenged the sufficiency of the evidence, either by motion for an advised verdict of not guilty, or by motion for new trial; neither did he assert in his motion for new trial any error in the court's rulings on the admission or rejection of evidence, or in the instructions given to the jury or the failure to instruct. Therefore, so far as the trial court was concerned, it was led to believe that no complaint was made as to any ruling made by the court relative to the admission or rejection of evidence, the court's instructions to the jury, or the sufficiency of the evidence to sustain the verdict.

The laws of this state enumerate seven causes for granting new trials in criminal actions, among which are the following: ". . . [¶] 5. When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial, or has done or allowed any act in the action prejudicial to the substantial rights of the defendant. 6. When the verdict is contrary to law or clearly against the evidence." Comp. Laws 1913, § 10917.

The only errors asserted by appellant on this appeal fall within the provisions of the above two quoted statutory provisions; but, as already stated, defendant did not embody any of these grounds in his motion for a new trial, but seeks to assert them for the first time on this appeal. The question is therefore presented, whether the defendant, having failed to incorporate these grounds in his motion for new trial, can now predicate error thereon in this court.

It is contended by defendant's counsel on oral argument that in view

of the fact that an order denying a new trial is appealable, and no appeal was taken from such order, that defendant is not precluded from presenting on this appeal errors relating to the failure of the trial court to give certain instructions, even though these were not assigned as error in the motion for a new trial. We do not believe that this position is well taken, as defendant, when making a motion for a new trial, was required to assert any and all grounds which might be asserted under the statute by such motion. If the trial court erred in its rulings on the admission of evidence or in its instructions to the jury, or if the evidence was insufficient to sustain the verdict, any of these grounds constituted a sufficient cause for a new trial, but the defendant, in persenting a motion for new trial solely on other grounds, led the trial court to believe that the verdict was not attacked for any of these reasons. In other words, the defendant in the district court took the position that he was not entitled to a new trial on any of these grounds, but upon entirely different ones. This he is not permitted to do. Defendant cannot take the position in the court below in presenting a motion for new trial, that the court's rulings on evidence and its instructions to the jury are correct, and the evidence sufficient to sustain the verdict, and then on appeal to this court assume the contrary position. "Where a motion for new trial is made by a losing party, all errors complained of must be embraced therein, otherwise they will be considered as having been waived; any other practice would operate unjustly to the court below, the presumption being that he would have corrected those errors if he had had an opportunity." Lowery v. State, 72 Ga. 649. These views are also sustained by the following authorities: Collier v. State, 20 Ark. 36; Wilson v. State, — Tex. Crim. Rep. —, 158 S. W. 1114; Haynes v. State, — Tex. Crim. Rep. —, 159. S. W. 1059; Thompson v. State, — Tex. Crim. Rep. —, 160 S. W. 685; Romero v. State, — Tex. Crim. Rep. —, 160 S. W. 1193; Louisville & N. R. Co. v. Com. 154 Ky. 293, 157 S. W. 369; Huffman v. State, — Tex. Crim. Rep. —, 152 S. W. 638; State v. Sydnor, 253 Mo. 375, 161 S. W. 692; State v. Johnson, 255 Mo. 281, 164 S. W. 209; Coulter v. State, — Tex. Crim. Rep. —, 162 S. W. 885; State v. Connors, 245 Mo. 477, 150 S. W. 1063; Coleman v. State, — Tex. Crim. Rep. —, 150 S. W. 1177; Norton v. State, 181 Ind. 123, 100 N. E. 449; State v. Eaker, 17 N. M. 479, 131 Pac. 489; State v. Gatlin, 170 Mo. 354, 70 S. W. 885;

Hill v. State, 112 Ga. 32, 37 S. E. 441; State v. Whitesell, 142 Mo. 467, 44 S. W. 332; Allen v. State, 74 Ind. 216; McCalment v. State, 77 Ind. 250; State v. McKinnon, 158 Iowa, 619, 138 N. W. 523; Weidenhammer v. State, 181 Ind. 349, 103 N. E. 413, 104 N. E. 577. These views have also been sustained by this court in the case of State v. Empting, 21 N. D. 128, 128 N. W. 1119, wherein this court, speaking through Chief Justice Morgan, says: "It is now claimed that the verdict is not sustained by the evidence. . . . A motion for a new trial was made and overruled. . . . There is no specification in the motion for a new trial that the verdict is not sustained by the evidence, or that it is against the evidence. The insufficiency of the evidence was nowhere raised or challenged before the trial court, so far as the record shows. We cannot therefore review the evidence to determine its sufficiency. . . . *The requirement is that the motion for a new trial must state the ground. Among these grounds is that the verdict is clearly against the evidence. Without such or an equivalent specification the state or the trial judge may well presume that the verdict is not attacked as being based on insufficient evidence. In this case we have before us nothing showing that the trial court has ever considered whether the evidence sustains a conviction or not. This omission in the motion precludes our right to review the sufficiency of the evidence."*

In the case of State v. Campbell, 7 N. D. 67, 72 N. W. 935, this court, in considering the question of whether or not, in a case where specific exceptions had been taken by the defendant to certain portions of the court's instructions, he might avail himself of the provisions of the statute whereby the instructions were deemed excepted to by operation of law, uses the following language: "It appears that the defendant's counsel in this case saw fit to file exceptions with the clerk of the district court to the instructions given in the charge to the jury. This he might lawfully elect to do under the provisions of § 8178 of the Rev. Codes. *But, having pursued this course, he must be governed by such election, and will be limited to the exceptions which he has seen fit to write out and file with the clerk of the district court. By filing exceptions he has notified counsel for the state, as well as the courts, that he will predicate error on such exceptions, and none others so far as relates to the instructions given to the jury."*

"Where rulings of the trial court constitute proper grounds for a new

trial, they cannot be assigned on appeal as independent errors. If presented to the trial court by the proper motion, they are covered by an assignment on that motion; *if not so presented, they cannot be made available in the supreme court in any manner."* Allen v. State, 74 Ind. 216.

It is contended that the evidence is insufficient to sustain the verdict. This question cannot be reviewed on this appeal. The failure to assert such insufficiency as one of the grounds for new trial in the court below precludes the defendant from doing so in the appellate court. State v. Empting, supra; State v. Reilly, 25 N. D. 339, 141 N. W. 720; State v. Harbour, 27 S. D. 42, 129 N. W. 565. "An objection to the sufficiency of the evidence upon which a conviction was based cannot be raised for the first time on appeal." 12 Cyc. 813.

We are satisfied, however, that the contentions of the defendant are untenable for other reasons. As already stated, it is conceded that no requests for additional instructions were made, and no exceptions to the charge taken for want of such instructions, nor was this made one of the grounds for a new trial. It is not contended that any of the principles of law laid down by the trial court in its charge are erroneous, the only complaint being that the court failed to charge on certain propositions of law. And while we do not believe that the question of the sufficiency or insufficiency of the instructions is before this court for consideration, still, in view of the importance of the case we have carefully examined the instructions and are satisfied that they fairly submitted the case to the jury.

The defendant's first contention is that the trial court's instructions on circumstantial evidence were insufficient. This contention is wholly without merit. In the case at bar the state's case does not rest wholly upon circumstantial evidence, as the witness Carberry gave direct testimony against the defense, hence, error cannot be assigned upon the failure of the trial court to instruct as to circumstantial evidence. State v. Foster, 14 N. D. 561. The defendant's contention is of no merit for another reason, *viz.,* the trial court gave the following instructions to the jury: "I charge you, gentlemen of the jury, that circumstantial evidence is legal and competent in criminal cases such as this is, and, if it is of such character as to exclude every reasonable hypothesis other than that the defendant is guilty, is entitled

to the same weight as direct testimony." This has been held to be a correct statement of the law. Longley v. Com. 99 Va. 807, 37 S. E. 339, 341; Brickwood's Sackett, Instructions to Juries, § 2494. See also Cunningham v. State, 56 Neb. 691, 77 N. W. 60. We are satisfied that in the absence of a request for more specific instructions, the defendant cannot complain of this instruction. There is also good authority to the effect that in the absence of a request for such instruction, error cannot be predicated upon the failure of the court to instruct upon the law applicable to circumstantial evidence. Romero v. State, — Tex. Crim. Rep. —, 160 S. W. 1193; State v. Alley, 149 Iowa, 196, 128 N. W. 343; State v. Colvin, 24 S. D. 567, 124 N. W. 749. See also State v. Rosencrans, 9 N. D. 163, 82 N. W. 422; State v. Woods, 24 N. D. 156, 139 N. W. 321. Although we find it unnecessary to pass on that question in this case.

The question whether the court is required to instruct the jury with reference to the corroboration of the testimony of an accomplice in the absence of a request so to do, is no longer an open question in this state, as the rule is well settled that it is not error for the court to omit such instructions in the absence of a request. State v. Haynes, 7 N. D. 353, 75 N. W. 267; State v. Rosencrans, supra; see also State v. Hams, 24 S. D. 639, 124 N. W. 955, Ann. Cas. 1912A, 1070.

Neither was it reversible error on the part of the trial court to fail to instruct on the subject of an alibi where no request was made for an instruction on that feature of the case. Ferguson v. State, 52 Neb. 432, 66 Am. St. Rep. 512, 72 N. W. 590; Rider v. State, 26 Tex. App. 334, 9 S. W. 689; Lyon v. State, — Tex. Crim. Rep. —, 34 S. W. 947; Smith v. State, — Tex. Crim. Rep. —, 49 S. W. 583; Goldsby v. United States, 160 U. S. 70, 40 L. ed. 343, 16 Sup. Ct. Rep. 216; Com. v. Boschino, 176 Pa. 103, 34 Atl. 964; Gadlin v. State, 13 Ga. App. 660, 79 S. E. 751; Banks v. State, — Tex. Crim. Rep. —, 150 S. W. 184; Inklebarger v. State, 8 Okla. Crim. Rep. 316, 127 Pac. 707. And, as a general rule, in order to predicate error on incomplete instructions, it is necessary to submit a request to the trial court for appropriate instructions. And this court has held that it is not error for the trial court to omit a definition of reasonable doubt in the absence of a request therefor. State v. Montgomery, 9 N. D. 405, 83 N. W. 873. See also People v. Carter, 117 Mich.

576, 76 N. W. 90; Birmingham v. State, 145 Wis. 90, 129 N. W. 670; Guenther v. State, 137 Wis. 183, 118 N. W. 640; State v. Frazer, 23 S. D. 304, 121 N. W. 790; State v. Jones, 145 Iowa, 176, 123 N. W. 960; Territory v. Chartrand, 1 Dak. 379, 46 N. W. 583; State v. Woods, 24 N. D. 156, 139 N. W. 321. The court in its instructions to the jury minutely defined all the elements of the several crimes included in the information, from murder in the first degree to manslaughter in the second degree; defined all the elements of the crimes so included, and charged the jury that in order to find the defendant guilty of murder in the second degree, they must find from all the evidence in the case each and all of the facts necessary to be found in order to make such charge to be true to their satisfaction beyond a reasonable doubt; and that they must be satisfied beyond a reasonable doubt from the evidence that defendant intentionally, purposely, and without legal justification or excuse, killed Thomas Corcoran at the time and *place* charged in the information in this case; and the court further charged that if the jury had any reasonable doubt as to the defendant's guilt of any of the crimes defined in the instructions, then it was their duty to find him not guilty; that the defendant is presumed to be innocent, and that the burden of proof to establish his guilt was upon the state; and that the evidence must be sufficient to establish it beyond a reasonable doubt. The jury, therefore, guided by these instructions, necessarily must have understood that if the defendant was at some place different from where the crime was committed at the time of its commission, or if they had any reasonable doubt as to such fact, that they must acquit him.

The court's failure to instruct on the law relative to the corroboration of an accomplice might be justified on another ground. We find that the defendant's attorney, in his affidavit submitted in support of the motion for a new trial, after setting forth the statements claimed to have been made by one of the prosecuting attorneys in his argument to the jury, goes on to say: "Thus prejudicing the defendant in the eyes of the jury, and leading them to believe that said Carberry . . . was an accomplice in such crime with said defendant, Herbert Glass; that no evidence of such fact was produced in the trial of said case, nor was the case tried, nor were the instructions of the court given, upon the theory that Herbert Glass was an accomplice with Carberry in

the commission of said murder, or that Carberry was an accomplice of Glass; that no instruction was given by the court upon the theory that Glass and Carberry acted together in this murder."

The alleged errors concerning the admission of evidence are wholly without merit. . The principal portion of the testimony complained of was received without objection,—some of it in response to questions asked by defendant's counsel. No error can be predicated thereon.

We have already enumerated the grounds set forth in the motion for new trial and the affidavits submitted for and against the same. The first ground of such motion is that the jury was permitted to separate while the case was being tried, and before its submission to the jury. Under the laws of this state it was within the discretion of the trial court to permit the jury to separate while the cause was being tried. Comp. ,Laws, § 10857. And in view of the fact that such separation was permitted at the request of defendant's own attorney, it is obvious that the trial court did not abuse its discretion in permitting such separation. The other ground of such motion, as already stated, is that one of the attorneys for the prosecution, during his argument to the jury, made certain remarks prejudicial to the defendant, and this is apparently the only ground that was seriously urged in the court below. No exceptions were taken by defendant's counsel to the remarks alleged to have been made by the state's attorney during his argument to the jury, and no request was made to have the jury instructed to disregard such statements. In fact, so far as the record shows there is nothing to indicate that such statements were made. In order to predicate error on such statements, however, it is essential to take proper exceptions thereto, and give the trial court opportunity to rectify the error if any. State v. Matheson, 142 Iowa, 414, 134 Am. St. Rep. 426, 120 N. W. 1036; People v. Giddings, 159 Mich. 523, 124 N. W. 546, 18 Ann. Cas. 844; Holmes v. State, 82 Neb. 406, 118 N. W. 99; State v. Holburn, 23 S. D. 209, 121 N. W. 100. But even though no such request was made, we find that the trial court in its instructions to the jury expressly instructed the jury as follows: "The argument of counsel here before you was made for the purpose of assisting you in determining the true facts in this case. Any statements made by them are not to be considered as evidence by you in this case. If they have expressed opinions in your

hearing to the effect that they believe the defendant guilty or innocent of the crime charged in the information, you should disregard such opinions of counsel, and be guided solely by the evidence in the case and the law as contained in these instructions, in making up your verdict. If the attorneys have misstated the testimony to you in any way, you should disregard such misstatements. . . . You are the sole and exclusive judges of all questions of fact herein involved."

The defendant was tried in a different county from the one wherein the crime was committed, at a period almost two years subsequent to the commission of the crime. There is nothing in the record to indicate that the defendant did not receive just and fair consideration at the hands of the trial court and jury. The motion for a new trial was properly denied. It follows from what has been said that the judgment appealed from must be affirmed. It is so ordered.

## On Petition for Rehearing.

CHRISTIANSON, J. A strenuous petition for rehearing has been filed in this case. It may be remarked at the outset that the petition in no manner complies with the rules of this court relating to such petitions, and sets forth no ground on which a rehearing may properly be asked, but is merely a reargument of certain portions of the case. The only points argued are those coming under ¶¶ 1, 2, 4, and 5 of the syllabus. Appellant's counsel virtually contends that in a criminal case there can be no such thing as waiver of or estoppel to assert error, and that these rules apply only to civil litigants. To quote from the petition for rehearing itself: "While the legislature has seen fit to surround the civil litigant with certain restrictions so that he may be bound by the act of his counsel, no matter how foolish it may be, such is not the case with respect to men who are charged with crimes. The state is so anxious to protect the man charged with the commission of an offense, that it even furnishes him counsel, if he is unable to procure it himself; and is it possible that the legislature has provided a law by which it will say that we will protect a citizen by furnishing him a counsel, and then make him responsible for all of the foolishness of that counsel?" The doctrine contended for by appellant's counsel is, to say the least, somewhat strange, and if carried on to its logical conclusion

would doubtless result in reversal in practically every criminal case coming to this court. If defendant and his counsel can be permitted to stand by and permit error to be committed in the trial court, or even induce the trial court to commit error, and then on appeal assert that they should not be bound thereby, a criminal trial would become a mere farce. It is so well settled, however, as to be elementary, that the doctrine of waiver and estoppel applies to a defendant in a criminal case, and he cannot be permitted to take one position in the court below and assume an entirely different position in the appellate court. And it has been held that want of preliminary examination (State v. Calkins, 21 S. D. 24, 109 N. W. 515), alleged improper change of venue to another county (State v. Kent (State v. Pancoast), 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052), duplicity or uncertainty in the information (State v. Burns, 25 S. D. 364, 126 N. W. 572), insufficient verification of a criminal complaint (State ex rel. Poul v. McLain, 13 N. D. 368, 102 N. W. 407), alleged error in denying a continuance (State v. Thompson, 141 Mo. 408, 42 S. W. 949), disqualification of prosecuting attorney (State v. Smith, 108 Iowa, 440, 79 N. W. 115), or of juror (Self v. State, 39 Tex. Crim. Rep. 455, 47 S. W. 26), the right to be confronted by the witnesses against him (Gillespie v. People, 176 Ill. 238, 52 N. E. 250; State v. Olds, 106 Iowa, 110, 76 N. W. 644; State v. Williford, 111 Mo. App. 668, 86 S. W. 570; Odell v. State, 44 Tex. Crim. Rep. 307, 70 S. W. 964; State v. Mortensen, 26 Utah, 312, 73 Pac. 562, 633), may be waived by the defendant in a criminal case by his conduct or consent in the trial court. And the defendant's failure to interpose the plea of former jeopardy prior to verdict was a waiver of the right to assert such defense. State v. Barnes, ante, 164, 150 N. W. 557. So, if defendant and his counsel permit incompetent evidence to be received without objection, the defendant will be deemed to have waived his right to object to such testimony. State v. McDonough, 104 Iowa, 6, 73 N. W. 357; People v. Scalamiero, 143 Cal. 343, 76 Pac. 1098; State v. Marshall, 105 Iowa, 38, 74 N. W. 763; People v. Ardell, 6 Cal. Unrep. 827, 66 Pac. 970. And if an objection is overruled and an answer not responsive to the question is permitted to stand without motion to strike out the answer, the objection will be deemed waived. People v. Wong Chuey, 117 Cal. 624, 49 Pac. 833; People v. Durrant, 116

Cal. 179, 48 Pac. 75, 10 Am. Crim. Rep. 499; People v. Colvin, 118 Cal. 349, 50 Pac. 539; People v. Lawrence, 143 Cal. 148, 68 L.R.A. 193, 76 Pac. 893. And if a defendant objects to the admission of, or moves to strike out, testimony, on certain grounds, he cannot afterwards be heard to say that the objection or motion should have been sustained on other and different grounds. State v. Merry, 20 N. D. 338, 127 N. W. 83; People v. Lang, 142 Cal. 482, 76 Pac. 232; State v. Van Tassel, 103 Iowa, 6, 72 N. W. 497; State v. Stephenson, 69 Kan. 874, 77 Pac. 582; State v. Heacock, 106 Iowa, 191, 76 N. W. 654; Donaldson v. People, 33 Colo. 333, 80 Pac. 906. And so error preserved in the court below will be deemed abandoned and waived unless discussed in the brief on appeal. State v. Wright, 20 N. D. 216, 126 N. W. 1023, Ann. Cas. 1912C, 795.

In discussing the doctrine of waiver of rights, Bishop's New Criminal Procedure says: "In natural reason, one should not complain of a thing done with his consent. And the law, in all its departments, follows this principle. It is analogous to estoppel, or a species of it. Like any other legal doctrine, the circumstances of a particular instance may compel it to give way to another. . . . If, except where some counter doctrine presses with a superior force forbidding, a party has requested or consented to any step taken in the proceedings, or if at the time for him to object thereto he did not, he cannot afterward complain of it, however contrary it was to his constitutional, statutory, or common-law rights. Necessity is the chief foundation for this doctrine. Without it, a cause could rarely be kept from miscarrying. The mind, whether of the judge or the counsel, cannot always be held taut like a bow about to send forth the arrow; and if every step in a cause were open to objection as well after verdict or sentence as before, a shrewd practitioner could ordinarily so manage that a judgment against his client might be overthrown. Even by lying by and watching, if he did nothing to mislead, he would find something amiss to note and bring forward after the time to correct the error had passed." Bishop, New Crim. Proc. §§ 117–119, pp. 88 and 89.

By application of the same principle, we held in the opinion in this case that where the defendant makes a motion for a new trial, he is bound by the reasons assigned therein, and that all matters which would constitute grounds for a new trial and which are not set forth

in the motion are waived. 29 Cyc. 944. The mere fact that some of the alleged errors might have been available on appeal from the judgment without making a motion for a new trial does not change the rule. The laws of this state give to a defendant in a criminal case the privilege, if he so desires, to move for a new trial upon certain specified grounds, and if he desires to avail himself thereof, it is his duty to present all reasons why a new trial should be had. The defendant cannot be permitted to say to the trial court: "I am entitled to a new trial on these grounds, and these alone," and then afterwards assume an entirely contrary position, and say to the appellate court: "The reasons I presented to the trial court were not the proper ones, but there are certain additional and entirely different grounds which I did not present to the trial court which entitle me to a new trial." The defendant saw fit to make a motion for a new trial in the court below, and having availed himself of this right he is required to present to the trial court any and all grounds which might be asserted by such motion, and is bound by the reasons assigned, and all other matters which he might have so asserted and failed to do will be deemed waived. We believe that the rule laid down in the opinion is sound in principle, and see no reason to depart therefrom.

Doubtless the appellate court has the right, in order to prevent an unjust conviction to stand, to disregard the waiver of the defendant, and in this case this court disregarded such waiver and passed upon all the various propositions raised, and decided the same adversely to the appellant.

In the petition for rehearing, appellant vehemently asserts that because the trial court failed to incorporate an instruction on the law relative to an alibi, that the defendant was deprived of a substantial right, and that the judgment should be reversed. And in support of this contention, counsel for defendant cites § 11013 of the Compiled Laws, which reads as follows: "After hearing the appeal, the court must give judgment without regard to technical errors or defects or exceptions which do not affect the substantial rights of the parties." The argument of appellant's counsel seeks to defeat the obvious purpose for the enactment of the section cited. Stripped of all legal phrases, the question submitted to the jury in this case was: "Did the defendant, Herbert Glass, shoot and kill Thomas Corcoran at the

time and place described in the information?" This was the prime question in the case, and this question was, as we have indicated in the opinion, submitted to the jury fully and fairly. The contention that twelve intelligent men could have and did under the court's instructions in this case find the defendant guilty, if they had any reasonable doubt as to whether or not the defendant was at the place where Corcoran was killed at the time the shooting took place, is entirely untenable.

An alibi in criminal law is defined in Black's Law Dictionary as follows: "Elsewhere: in another place. A term used to express that mode of defense to a criminal prosecution, where the party accused, in order to prove that he could not have committed the crime with which he is charged, offers evidence to show that he was in another place at the time; which is termed setting up an alibi." And in Bouvier's Law Dictionary: "Presence in another place than that described. When a person charged with a crime proves (*se eadem die fuisse alibi*) that he was, at the time alleged, in a different place from that in which it was committed, he is said to prove an alibi, the effect of which is to lay a foundation for the necessary inference that he could not have committed it." And in 2 Cyc. 79, "Literally, 'elsewhere.' A defense in criminal law in which the defendant shows that he was at another place at the time the crime charged was committed." And in 2 Am. & Eng. Enc. Law, 2d ed. 53, "The word 'alibi' means literally, 'elsewhere,' and a prisoner or accused person is said to set up an *alibi* when he alleges that, at the time when the offense with which he is charged was committed, he was 'elsewhere;' that is, in a place different from that in which it was committed."

It is defined by Bishop as follows: "An alibi is, in criminal evidence, the defendant's showing, under his plea of not guilty and without special averment, *that when the criminal thing was done, he was at some place where he could not be the doer.*" Bishop, New Crim. Proc. § 1061.

With reference to the evidence admissible and the facts to be considered in connection with an alibi, it is said: "On the question of alibi the relevant facts are the distance between the scene of the crime and the prisoner's alleged whereabouts at the time of its commission, and the time of the crime, as compared with that of the alibi, allow-

ing for difference in timepieces and in opinions respecting time and the means of travel." 12 Cyc. 404.

And in Wharton's Criminal Law, 11th ed. § 380, it is said: "The defense of alibi, *i, e.,* 'elsewhere,' or presence in another place than that described at the time the alleged offense was committed, is not, properly speaking, a defense within any accurate meaning of the word 'defense,' but is a mere fact shown in rebuttal of the evidence introduced by the state. . . . *Impossibility of presence at the time and in the place charged is the essential feature of this defense,* and any proof tending to show that it was reasonably impossible for the accused to have been present at the time and place of the commission of the offense charged is sufficient to establish the defense." In our original decision in this case, we did not deem it necessary to refer to the evidence in the case to any great extent, and based our conclusions upon general legal principles, but in view of the ardent and strenuous assertions in the petition for rehearing that the trial court's failure to instruct the jury upon the law applicable to an alibi and corroboration of an accomplice deprived defendant of his substantial and fundamental rights, we deem it desirable to briefly present the evidence, as contained in the record, applicable to these two propositions.

The court's instructions are given to aid the jury in determining the issues involved. And instructions which would tend to confuse rather than enlighten would therefore be improper. The instructions necessarily ought to be confined to the issues presented by the evidence. According to the undisputed testimony of all witnesses, including that of the defendant himself, Thomas Corcoran was shot in or by the side of his wagon during the night of September 3d, and his dead body found in the wagon on the morning following. The defendant, Glass, testified that Thomas Corcoran's wagon was situated in the same block as Glass's house, and only between 80 and 100 feet from the defendant's house. The defendant and his wife both testified that some time after 10 o'clock at night they heard a shot fired, and then went to a window and looked out and saw two men at the wagon in an altercation, and that while they so stood and watched one man fired a shot at the other,—the two men by the wagon being then about 6 or 8 feet apart. That after the shot was fired the man at whom the shot was fired slowly got into the wagon, and

that thereafter the man who fired the shot also got into the wagon. The defendant says that the window through which he watched the shooting was 100 feet from the wagon where the shooting took place and Thomas Corcoran's dead body found the next day. Can it be said that a person who claims that he stood within 100 feet or less of where a murder was committed and saw the shot fired has proved an alibi, and that this testimony requires the trial court to instruct on the law relative to alibi? It seems self-evident that an instruction on the law relative to alibi has no place under such evidence, and certainly not in the absence of a specific request therefor.

The other proposition argued in the petition for rehearing is that the court should have submitted an instruction on the law relative to the corroboration of an accomplice. As we have already stated in the original decision, it was expressly contended in the court below that Carberry and Glass were not accomplices. This appears from the affidavit of defendant's attorney submitted in support of the motion for new trial, and Glass testifies that he had absolutely nothing to do with the murder of Thomas Corcoran, had no connection whatever with Carberry, and had no notice or knowledge of the murder until the next day, and that at the time he suspected Carberry of having committed the murder. Thomas Carberry, on the other hand, positively denies any connection with the murder, and testifies positively as an eyewitness that Herbert Glass shot and killed Thomas Corcoran. Carberry's testimony on various points is corroborated by other witnesses. Therefore, in order for the trial court to instruct on the law relative to the corroboration of an accomplice, it would have been necessary for the trial court to instruct in absolute disregard of the theory of defendant's counsel, and in direct contravention not only of the testimony of the defendant and his wife, but of all the witnesses who testified in the case. And we have no doubt that if the trial court had instructed of its own volition on the law relative to the corroboration of an accomplice or the law relative to an alibi, that it would now be just as earnestly urged on this appeal that such instructions were erroneous and prejudicial to the substantial rights of the defendant. The argument submitted by appellant's counsel in this case shows to what extent technicalities have been permitted to permeate our system of criminal procedure. The business of the courts is to try and deter-

mine issues.   This applies equally to criminal as well as to civil cases. A criminal trial is not a mere game of wits or contest of skill between opposing counsel, or a ceremony for the display of forensic ability, but it is a solemn proceeding to ascertain the guilt or innocence of a person accused of crime.   A fact ·is a fact whether it arises in a criminal or in a civil action.   In this case the question, and really the only question, to be determined by the jury, was whether or not Herbert Glass murdered Thomas Corcoran.   This question was submitted to the jury under fair instructions, and all the legal presumptions existing in defendant's favor were fully and fairly explained to the jury.   The jury in its verdict said that Glass murdered Corcoran. The trial judge, who saw and heard the witnesses and was familiar with the entire case, refused to set aside the verdict.   This court would abuse its power by interfering with these findings in this case.   We see no reason for modifying or altering our former opinion herein.   The petition for rehearing is denied.